Ctaston, Judge:
 

 The argument of this case has brought .before us the merits of the bill, and has been conducted as though a general demurrer thereto had been put in by the defendant. That the parties may not be wholly disappointed as to the objects of this appeal, we shall express onr opinion upon matter» involved in the discussion* although a decision of them is not necessary for the judgment which we shall render. We think that the bill iri its present form does not make out a case which entitles the plaintiff to relief. The agreement which- it states to have been in fact made,but to which it «feaiies legal validity, because not signed by the parties, eoHsistS' indeed of many parts* but is yet esséntially
 
 one.
 

 It is an agreement of copartnership, in which provision is made for' the constitution of its capital stock,by a stipulation t-kat -the defendant will bring into the stock bis mills and mill tract, and that the plaintiffs shall pay toim an agreed sum for this advance on his part. The contract involves an agreemeut for the sale of lands,
 
 *365
 
 comes within the purview of the act of 1819, ami may he avoided, tmless signed as the act directs. But an avoidance does not affect that part only (if the contract which is confined to the sale of the land, hut affects the entire contract. Neither of the parties, on discovering this part to be inconvenient, can require to have the re- . . ‘ _ , * _ *
 
 * j.%
 
 suluc or the agreement executed, unless one ot the par-tics objects, because of the statute, the contract stands . , . . . . entire. If either objects, it is avoided
 
 m tota.
 

 a contract which involves™ agreement for tn& fiaie 0f i* w.ltlim the purview of the act of 1819, and maybe. the act directs,
 

 e0nt^ctWcompr¡¿ <*»somethingei«e, part avo¡(js ^ whole,
 

 a vendee who. “a°'t^ct af0rP*thc sale of land, can-n8t f®11 “Pon h!ft pensation.
 

 The plaintiffs, according to the frame of this bill, have elected to avoid the parol agreement, and have, as we have seen, no right to ask for its execution in part. But they ask for compensation, because of their advances aaade,and losses incurred upon, the confidence that such agreement would be faithfully executed. But if, by their own act, the execution of it lias been prevented — if they have voluntarily abandoned the agreement— where is their injury, and what their title to redress? In conscience, they should have proceeded to fulfil the agreement on their part as though it had been signed, so long as the defendant.admitted its efficacy. The law feas pat it into their power to deny it efficacy at their option
 
 ;
 
 but it will not make the defendant pay them for -taking this, advantage.
 

 Wherever a demand is preferred in any court for remuneration, because of the avoidance of a contract under the statute of frauds, the court will not be brought into activity except at the instance of him who offers to execute the agreement, or who lias been willing and ready to execute it.
 

 But in the exercise of our limited jurisdiction upon this appeal from an interlocutory order, we apprehend that we can only revise the decision below declaring the demarre*' and plea bad. The demurrer is bad because, it does not specify the particular parts of the bill demurred unto. (Mitfds.
 
 Pl.
 
 173.
 
 Chitwynd v. Lindon,
 
 2
 
 Ves. Sen. 450, Robinson
 
 v. Thompson, 2
 
 Ves.
 
 &
 
 Bea.
 
 118.
 
 Weatherhead v. Blackburn, do.
 
 121.) The demurrl er is to those parts of the hill which are not covered by the pica. This alone furnishes a sufficient reason fur
 
 *366
 
 overruling it, but it is the more vicious in this case, be-cauge £|)e pjea extends to
 
 all the accounts arising out of the sale and joint ownership
 
 stated in the bill, every account asked may be considered as arising thereout, and the court cannot distinctly see what part of the bill is left uncovered by the plea, and to which the defendant demurs. The plea is entirely inapplicable, for the claim of the plaintiffs (such as it is) is actually
 
 founded
 
 upon the
 
 invalidity
 
 of the unsigned agreement.
 

 We shall therefore cause our opinion to be certified to the court below,that it has not erred in overruling the demurrer and plea of the defendant; and that said court shall proceed further with said cause as it may be hereafter moved by the parties, and its discretion may direct,
 

 Per Curiam — Decree aeejrmep.