## ANDREWS' HEIRS AND Adm'rs. vs. BROWN'S Adm'r. et al.

1. When a partnership is dissolved by the death of one or more of the partners, the legal title to all the personal property and choses in action belonging to the firm becomes vested exclusively in the survivor, for the purpose of paying the debts of the firm, and distributing the residue, if any, among the parties entitled; but as to real property, the legal title to the share of the deceased partner descends to his heirs at law, and a court of law cannot regard or protect the mere equities of others.

2. In a court of equity, however, real estate belonging to the firm, purchased with the partnership funds and treated as partnership property, is considered as personal property; to this extent, at least, that it is liable to pay the debts of the firm, and the surviving partner has a claim upon it for that purpose, which is superior to the title of the widow and heirs at law of the deceased partner.

3. As the surviving partner is charged with the payment of the debts of the firm, he has the right in equity to dispose of its real estate for that purpose; and, although his deed will not convey the legal title to a purchaser, yet it will convey this equity to him, and through it he may compel the heir to convey the legal title.

4. Where land is purchased by a partnership at a sale made under a decree of foreclosure in chancery, and, after the death of one partner, the survivor files a bill to obtain the control of the real estate, for the purpose of paying the debts of the firm, and the land is redeemed pending the suit, the redemption money stands in the place of the land itself, and the surviving partner is entitled to it, for the purpose of paying the debts of the firm.

Error to the Chancery Court of Mobile.

Heard before the Hon. J. W. Lesesne.

The original bill in this case was filed by Thos. G. Brown, as surviving partner of the firm of E. L. Andrews & Co., of Mobile, against the heirs and administrators of the deceased partners, to obtain the control of certain stock and real estate standing in the name of E. L. Andrews or of E. L. & Z. Andrews, for the purpose of paying the debts of the firm.

The bill alleges, that said firm of E. L. Andrews & Co. was composed of E. L. Andrews, Zuligman Andrews and the complainant, and was formed on the 1st June, 1844; that said firm was dissolved in April, 1848, by the death of said E. L. and Z. Andrews, at which time it was wholly insolvent; that, at the time of the death of said E. L. Andrews, six shares of the capital stock of the Bank of Mobile stood on its books in his name,

and ten shares of the capital stock of the Alabama Life Insurance and Trust Company stood on its books in his name; "that said stock in both corporations was held by said E. L. Andrews, for and on account of said firm, and as its property, with no interest therein save as a partner under their articles of agreement;" that said E. L. Andrews also held, of the partnership property, and for the partnership account, and not individually, certain lands and tenements, viz: a lot in the city of Mobile on the south side of St. Francis street, another lot fronting north on St. Anthony street, and a tract of land in Sumter county, known as the "Gayle plantation;" that all of said lands stood on the books of said firm as partnership stock, and were held for the partnership account; that the lot on St. Francis street was paid for with the moneys of the firm ; that the "Gayle plantation" was taken by them in settlement of demands due said firm ; and that the lot on St. Anthony street was part of the original stock of said firm. The complainant also alleges, that he had agreed to assign the "Gayle plantation" to one Alexander C. Walker, in order to secure a debt of about $17,000 due him for money advanced by him to the firm.

Said A. C. Walker, the heirs at law of said E. L. Andrews and Z. Andrews, and their administrators, are made defendants to the bill. The articles of partnership are exhibited with the bill, which show, that the balance sheet of the books of the old firm existing between E. L. Andrews and Z. Andrews, was taken as the correct state of the liabilities and assets of the old firm, and the basis of the new firm; that the rents and profits of the real estate owned by the old firm should "belong to Z. & E. L. Andrews, they paying the taxes and expenses on said property; and should the said Z. &. E. L. Andrews sell the said real estate, and the proceeds not amount to the balance now standing against said account, say $22,442 $\frac{71}{100}$, then the said Z. & E. L. Andrews are to make good the amount to the new firm; but should the proceeds of the same, when sold, amount to more than $22,442 $\frac{71}{100}$, then the said excess is to belong to said Z. & E. L. Andrews."

The administrators of E. L. Andrews answer the bill, admitting most of its allegations; but they insist, that said real estate was owned by said E. L. Andrews & Co. before

complainant became a member of the firm, and that complainant had no interest whatever therein; they require full proof that said stock standing in the name of E. L. Andrews was partnership property, and deny all knowledge of the transactions between complainant and said Walker. They admit the insolvency of said firm at the time of its dissolution, and allege the insolvency of their intestate; also, that they are taking the proper steps before the Court of Probate to obtain a decree of insolvency, and that said real estate should be distributed according to law, among all the creditors.

Walker also answered, admitting the allegations of the bill, and setting up a conveyance to himself from the complainant of the said "Gayle plantation," to secure a large debt due to him from the firm; and he afterwards filed a cross-bill to obtain the benefit of his security.

The complainant afterwards filed a supplemental bill, alleging that the lot on St. Anthony street had been purchased by said E. L. Andrews, for said firm, at a sale made under a decree of the Court of Chancery, to foreclose a mortgage on said lot from one Basil Merlier to said firm; that, at the date of the foreclosure of said mortgage, one John S. Gliddon held an equity of redemption on the lot, and, since the death of said Andrews, he has redeemed the lot, by paying $2000 to Campbell & Chandler, the attorneys of the parties claiming under the decree of the foreclosure. The bill prays, that the money in the hands of said attorneys should be decreed to stand in the place of the land itself. Brown died pending the suit; but before his death he assigned to Campbell & Chandler the effects in their hands, for the payment of certain specified debts of the firm. Brown's adm'r. and Campbell & Chandler filed their bill of revivor and supplement, disclosing their interest; and other changes were made in the progress of the suit, which it is unnecessary to notice.

The case was submitted for final decree, on the bills, answers, exhibits and proof. The Chancellor rendered a decree in favor of the complainant, and also sustained Walker's cross bill; and his decree is now assigned for error.

P. PHILLIPS, for plaintiffs in error:

1. Is the property partnership property, and subject to the

control of the survivor? The articles of agreement show, that Brown was to have no interest in the real estate, as owner. The rents and profits were all to be received by Z. and E. L. Andrews, and the charges were to be paid by them. This is conclusive. It is not denied, that this property may be subjected by creditors; but, that Brown as a partner has a lien upon it, is denied. The only interest that he has, is, that the other partners should keep it up to the value at which it is estimated in the articles of partnership; and this was but a basis of credit, and gave Brown individually no ownership. If the firm had been wound up successfully, the real estate account would not have entered into the settlement. The partnership did not deal in real estate; nor was there any agreement that this should be used for partnership purposes. To constitute real estate personalty, it must be bought, not only with partnership funds, but for partnership purposes; in other words, there must be some agreement, express or implied, that the real estate shall be considered personalty. Heirs of Pugh v. Currie, 5 Ala. 448. If the estate was to be treated as partnership property, still Brown would have no right to exclude the representative of the deceased partner, who at least must be consulted as to any preference. Story on Partnership, 393, § 346-7; Bartlett & Waring v. McRae, 4 Ala. 690; Cox v. McBurney, 2 Sandford, 566; Rowley v. Adams, 29 Eng. Chan. R. 549; Lyttle v. Pope, 11 B. Monroe, 318; Buchan v. Sumner, 2 Barb. Chan. 199.

2. But if this property is to be considered partnership property, will a court of chancery lend its aid to secure the whole of the assets to a few creditors, when the debts of the firm amount to $200,000? Chancery will only administer its equity upon the ground of equality. 1 Story's Equity, § 63; Hammond v. Hammond, 2 Bland, 307; Egberts v. Wood, 3 Paige, 518; Ketchum v. Durkee, 1 Barb. 480; Hutchinson v. Smith, 7 Paige, 29. The complainants have no legal title, as it is well settled that one partner cannot convey the real estate of the partnership. Anderson v. Tompkins, 1 Brock. 464; Deloney v. Hutchinson, 2 Rand. 183; Piatt v. Oliver, 3 McLean, 29; Coll. on Partnership, § 133.

The demurrer to Walker's cross bill should have been sustained, because it contained no prayer that it might be heard

at the same time with the original bill; and also, because it was not founded on the matters in litigation in the original suit. 1 Edwards, 226; Hopkins' R. 58; 7 Ala. 217.

JOHN A. CAMPBELL, for defendant Brown; and P. Hamilton, for defendant Walker:

The case presents the right of the surviving partner to ths control and disposition of the partnership assets. As to the personalty, there can be doubt, Story on Partnership, 470 to 492; and as to the realty, the following propositions are established beyond dispute: Where land is held by a partnership at the time of its formation, as a part of its capital stock; or, where it is afterwards purchased with the partnership funds, for partnership purposes, and is entered as stock on the books of the partnership; or, if it is not purchased with the funds of the partnership, but there is an an express contract or agreement between the partners, or a declaration by them, that it was intended to be treated as personal property—in all these cases, equity will consider the land as personal property, and the surviving partner will be entitled to it, for the purpose of paying the debts of the firm. His equity is superior to the widow's right to dower, and to the title of the heirs at law; and equity will hold the heir at law a trustee for his benefit. Coll. on Partnership, Perk. ed. § 129; 5 Metcalf's R. 576; Dale v. Hamilton, 5 Hare 382; 1 Swanst. 518; 1 Russ. & M. 45; 5 Metcalf's R. 562; 10 Leigh's R. 406; 2 Sandford's Ch. R. 366; Egberts v. Wood, 3 Paige, 518; Story on Partnership 127, et seq.; 5 Ala. 446; 19 ib. 596; 7 Vesey, 425; 9 ib. 400; 2 Barb. Ch. R. 165; ib. 336; 1 Hammond, 249; 3 Wheaton's R. 563; 1 Bro. C. C. 497; 2 Dess. Eq. R. 471.

In this case, the real estate was partly owned by the firm at the time of its formation, as a part of its capital stock, and the remainder was purchased with the partnership funds; it was entered on the books of the firm, as partnership property; it was treated by the partners as belonging to the firm; and was acknowledged to be such by Andrews himself.

It was entirely competent for Brown to make the conveyance of the "Gayle plantation" to Walker. The bona fides and validity of Walker's debt is fully established; as also, the

29

anxiety of E. L. Andrews that it should be secured. The surviving partner has the right to prefer one creditor to another. 3 Paige 518, *supra;* 2 Sandford's Ch. R. 366. The assignment by Brown to Campbell & Chandler, for the benefit of creditors, will be equally upheld, and enforced in equity. The money in the hands of the assignees, paid by Gliddon for the redemption of part of the land, if the firm had continued, would have passed into the firm accounts, and become assets of the firm; now, it must be decreed to stand in place of the land itself. 5 Metcalf, 576, and other authorities *supra.*

Walker might have filed an original bill; but his bill is also good, as a cross bill. 2 Sandford's Ch. R. 366; 5 Howard, 127; 2 Paige, 167; 7 Ala. 233; 15 ib. 512; 1 Dan. Chan. Pr. 370, note o; Story's Eq. Pl. 389; Mitford's Eq. Pl. 81; Hoff. Ch. Pr. 345. The cross bill was answered, and treated by the parties below as a cross bill, and was set down for hearing with the original bill; the Chancellor, therefore, properly considered it as such, and overruled the demurrer to it.

DARGAN, C. J.—When a partnership is dissolved by the death of one or more of the partners, the legal title to all the personal property and choses in action belonging to the firm becomes vested exclusively in the survivor: not, indeed, for his own peculiar benefit, but for the purpose of paying the debts, and then dividing the nett balance amongst those entitled, giving to the representatives of the deceased partner the same interest he would have taken, had he been in life, and the firm had been dissolved, not by death, but by mutual consent. But, as respects real property, the case is different at law; for the legal title descends to the heir at law of the deceased partner, and a court of law, looking to the legal title alone, cannot regard or protect the mere equities of others. In a court of equity, however, real estate belonging to the firm is considered as personal property, to this extent, at least, that it is liable to pay the debts of the firm, and then to distribution between the partners, in the same manner as if it had been personal instead of real estate. These charges upon the real estate, being prior to the claims of the representatives of the deceased partner, override his wife's title to

dower, as well as the title of his heir at law. The conse-
quence is, that the heir at law holds the legal title subservient
to, or in trust for, the surviving partner, who is charged with
the payment of the debts. These principles of law, in my
opinion, are so well settled, that they are no longer the sub-
ject of controversy. Story on Part. 127, *et seq.*; Coll. on
Part. (Perkins' ed.) 183 to 145; 5 Ala. 446; Pierce v. Trigg,
Leigh 406; Delmonico v. Guellaume et al. 2 Sand. Ch. 366;
Dyer v. Clarke, 5 Metc. 562; 7 Vesey, 425; 5 Hare, 369.

Inasmuch as the real estate is considered as personal, for
the purpose of paying the debts of the firm, and the survi-
ving partner is charged with the duty of paying those debts,
it must, of necessity, follow, that he has the right in equity
to dispose of the real estate for this purpose; for it would
never do to charge him with the duty of paying the debt,
and at the same time to take from him the means of doing
it.    Therefore, although he cannot, by his deed, pass the
legal title to the purchaser, which descended to the heir of
the deceased partner, yet, as the heir holds the title in trust
to pay the debts, and the survivor is charged with this duty,
his deed will convey this equity to his purchaser, and through
it, he may call on the heir for the legal title, and compel him
to convey. See 2 Sand. Ch. 366; 5 Metc. *supra.*

Applying these principles to the facts exhibited by the
pleadings and proof in the case before us, (but which we will
not state in detail in this opinion,) we can perceive no error
in the decree; for the proof, we think, is abundant to show
that, although the legal title to the lands was held by E. L.
Andrews alone, nevertheless, they belonged to the firm as
partnership property, and were so treated by all the members
of the firm.    They never did belong exclusively to E. L.
Andrews; consequently, the claims of the creditors of the
firm are superior to his widow's right of dower, as well as to
the legal title of his heirs at law. The lands were purchased
with the funds of E. L. and Z. Andrews, who were then
partners, and stood upon their books as partnership property,
and when the new firm was formed, composed of E. L. and
Z. Andrews and Thomas G. Brown, these lands were carried
into the new firm as part of its capital, and were, therefore,
partnership property.

As to the stocks purchased with the funds of the new firm, it is very clear, that they also are subject to the control and disposition of the surviving partner, Brown, notwithstanding they stand on the books of the Bank and the Insurance Company in the name of E. L. Andrews alone. In reference to the money received by Messrs. Campbell & Chandler, growing out of the redemption of one of the lots by Mr. Gliddon, we think it should stand in the place of the lot itself, and, consequently, subject to the disposition made by Brown of the lot.

We are satisfied there is no error in the decree, and it must be affirmed.

I will observe, in conclusion, that we do not intend, by any thing said in the foregoing opinion, to hold that a surviving partner is authorized to sell real estate for the simple purpose of making distribution amongst the partners themselves, and their representatives. That question is not raised in the case, and has not been considered; we only intend to decide this: the firm being insolvent, the surviving partner may dispose of the whole property to pay the debts, whether that property consists of real or personal estate.

The decree is affirmed.