# Davis *v*. Smith.

*Statutory Action in nature of Ejectment.*

1. *Real estate belonging to partnership; conveyance by surviving partner, under special power.*—Real estate belonging to a partnership, purchased with partnership funds, and used for partnership purposes, is regarded in equity as personal property, so far as may be necessary for the payment of debts, and an adjustment of accounts between the partners; and while the deed of the surviving partner, conveying such real estate for the purpose of paying debts, does not pass the legal title as against the heirs of the deceased, it conveys an equity through which the purchaser may compel a coveyance of the legal title by them. Yet, where the articles of partnership expressly declare that the real estate so purchased and held "shall be considered as part of the joint stock and funds of the firm, and as possessing all the incidents and liabilities of partnership funds and personal property, and hereby fully impressed by the parties with such incidents and liabilities," and these articles are duly probated as part of the will of the deceased partner,—the deed of the surviving partner, though not executed for the purpose of paying the debts of the partnership, conveys a perfect legal title as against the heirs of the deceased. ·

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This action was brought by Charles Davis and others, children and heirs at law ·of Edward Davis, deceased, against Addie Smith, H. C. Reynolds and others, to recover the possession of certain town lots in Montevallo, with damages for the detention; and was commenced on the 8th April, 1886. The property sued for had belonged to Lyman & Davis, a partnership composed of Henry R. Lyman and said Edward Davis, "having been purchased by them with partnership funds, and used for partnership purposes;" was conveyed by said Lyman, as surviving partner, to Malone & Foote, by deed dated 10th May, 1876, in part satisfaction of a judgment which they had obtained against him as surviving partner; and it was admitted that the plaintiffs were entitled to recover an undivided half interest in the property, unless, that deed conveyed the entire legal interest as against them. The power of the surviving partner to execute this conveyance was rested on a certain provision contained in the articles of partnership, which was also probated as part of the will of said Edward Davis, and which is copied in the opinion of the court; but the conveyance itself made no reference to the power. The court charged

[Davis v. Smith.]

the jury, on request, that they must find for the defendants, if they believed the evidence ; and this charge, to which the plaintiffs excepted, is now assigned as error.

W. S. CARY, for appellants.—(1.) The deed of Lyman, as surviving partner, conveys only an equitable title as against the heirs of the deceased partner, even it was executed in payment or settlement of a partnership debt.—*Andrews v. Brown*, 21 Ala. 437 ; *Espy v. Comer*, 76 Ala. 501 ; *Lang v. Waring*, 25 Ala. 625. (2.) But there is nothing in the record to show that the debt to Malone & Foote was a partnership debt ; and if that fact had been shown, the heirs of the deceased partner had a right to show that the debt was barred, as to them, by the statute of limitations, or was destroyed as a subsisting claim by the statute of non-claim ; and the deed of the surviving partner can not take away their right to make these defenses.—*Lang v. Waring*, 17 Ala. 145, and 25 Ala. 625 ; *Caldwell v. Parmer*, 56 Ala. 409 ; *Wood v. Montgomery*, 60 Ala. 500 ; *Slaughter v. Swift, Murphy & Co.*, 67 Ala. 494 ; *Brunson v. Morgan*, 76 Ala. 593 ; *Saw-mill Co. v. Smith*, 78 Ala. 108 ; *Breuer v. Brown*, 68 Ala. 210. (3.) The descent to the heirs can only be prevented by a valid testamentary disposition to some one else ; and the will in this case can not be construed to have that effect, unless it is shown that a sale and conveyance was required for partnership purposes.—*Denson v. Autrey*, 21 Ala. 205 ; *Carver v. Astor*, 4 Peters, 1. (4.) But the deed can derive no aid from the supposed power, because no reference is made to it.—*M. E. Church v. Price*, 42 Ala. 39 ; *McClelland v. Ridgeway*, 12 Ala. 482.

TROY, TOMPKINS & LONDON, *contra*, cited *Andrews v. Brown*, 21 Ala. 437 ; Tied. Real Property, §§ 245–6, and notes ; *Winston v. Jones*, 6 Ala. 550 ; Schouler on Wills, §§ 466, 467, 476 ; Sugden on Powers, 97.

CLOPTON, J.—The land sued for was formerly the property of the firm of Lyman & Davis, purchased with partnership funds, and used for partnership purposes. The partnership having been dissolved by the death of Davis, Lyman, as surviving partner, sold and conveyed the land, in May, 1876, in part payment of a firm debt, to Malone & Foote, under and through whom the defendants claim to hold. The appellants, who bring this action, claim title as the heirs of Davis ; and defendants concede their right to recover, unless the conveyance of the surviving partner passed the legal title to the grantees. The solution of the

question depends on the construction of a clause contained in supplementary articles of co-partnership, entered into November 28, 1867, which is as follows : "That all the real estate whatever belonging to the said firm of Lyman & Davis, the same having been purchased solely with partnership funds, shall be, and is hereby, considered as part of the joint stock and funds of said firm of Lyman & Davis, and as possessing all the incidents and liabilities of partnership funds and personal property, and is hereby by the parties fully impressed with such incidents and liabilities."

To a better and clearer understanding of the purport and intention of this clause, it should be stated, that the partnership was originally formed, in 1865, to carry on a mercantile business in Selma. The declared purposes of the supplementary articles are to provide for circumstances which had arisen and were not provided for by the previous agreement; for the extension of their joint business to manufacturing in Montevallo ; and in the event of the death of one of the partners, for continuing the business for a limited period, and the final settlement of the affairs of the firm. By an instrument in writing, made by Davis December 18, 1867, which he designates a codicil, it is declared, that specified parts of the supplementary articles, being the provisions relating to the continuance and settlement of the partnership business after the death of one of the partners, including the clause above quoted, "shall be taken and considered as my last will and testament, as to all matters and things therein contained ;" and both instruments were duly probated as his will, which is conclusive as to their testamentary character.—*Matthews v. McDade*, 72 Ala. 377.

By the settled doctrine in this State, the real estate of a partnership is in equity considered as personal, so far as may be necessary for the payment of the debts, or for an adjustment and equal settlement between the partners. Upon the dissolution of the partnership by the death of a member, the survivor is charged with the duty of paying the debts. To enable him to discharge this duty, he has the right to dispose of the real estate for this purpose. While his deed will not pass the legal title, it will convey an equity, through which the purchaser may compel the heir at law of the deceased partner to perfect the purchase by a conveyance of the legal title, which he holds in trust to pay the debts.—*Andrews v. Brown*, 21 Ala. 437 ; *Espy v. Comer*, 76 Ala. 501. In the case last cited it is said : "But this is purely an equitable doctrine, and the legal title, with all the characteristics of realty, attach to it, until it is so applied to partnership wants." In the absence of an ex-

press provision in the contract of partnership, the real estate "only becomes personalty *pro tanto.*" The intent of the understanding and direction that the real estate shall be considered as possessing all the characteristics and liabilities of personal property, and impressing it with such incidents and liabilities, is declared by the introductory phrase immediately preceding—"for the purpose of facilitating and simplifying the settlement and winding up the said firms." The manifest design is to impress the real estate with the incidents of personal property, both at law and in equity—as between the parties, to convert it into personalty; not an equitable conversion *pro tanto,* but a conversion *in toto,* for the purposes of closing and settling the partnership affairs—and to confer rights and powers on the surviving partner, which are not incident to the relation, nor implied in the mere contract of partnership.

The parts of the supplementary articles having reference to the contingency of the death of one of the partners, make special provision for the management and settlement of the business in Selma, and authorize the surviving partner to sell the real estate situated in that place, at such time and on such terms as he may consider best for the interest of all concerned, requiring the personal representative of the deceased partner to join in any deed necessary to convey a perfect title both at law and in equity. If he did not deem it advisable to sell the real estate in Selma, when he closed the mercantile business, he was authorized to lease it; but in no event should a sale be postponed beyond five years from the death of the deceased partner. The surviving partner is authorized to take the entire interest in certain designated lots in Montevallo, at a fixed price; and the personal representative of the deceased partner is required to make a conveyance, if he elected to take; but no provision is made for selling to others. The firm owning other real estate, which includes the land sued for, after making the foregoing specific provisions, which for some reasons were deemed specially material, the partners incorporated the general clause above quoted, relating to all the real estate.

What is the legal effect of such stipulations in a contract of co-partnership? Though at first there was opposition in England to recognizing realty as a part of partnership stock, in *Thornton v. Dixon,* 3 Bro. C. C. 199, Lord Thurlow said, that if the agreement had been that the lands should be valued and sold, it would have converted it into personalty; but that the agreement in the case before him was not sufficient to vary the nature of the property. Here is a dis-

tinct recognition of the authority of the partners to effect a conversion by agreement. The courts being forced by the necessities of trade to hold that realty may become a part of the partnership stock, by a series of subsequent de- cisions the doctrine was established, and is now the settled rule in England, that when real property is purchased with partnership funds, for partnership purposes, the transac- tion, by force of the contract, in the absence of a special stipulation, makes it personalty, effecting a conversion out and out.—*Darby v. Darby,* 3 Drewry, 495. The doctrine is rested on the ground, that by the contract of partnership all the firm property, real and personal, is to be sold on a dissolution. This goes further than the American rule, by which the real estate, not wanted for partnership purposes —to pay the debts, or to equalize the benefits and burdens between the partners—remains realty, subject to all inci- dents as such, in the hands of those holding the legal title. Nevertheless, the parties may, by express agreement, stamp it with the character and qualities of personal property. The supplementary articles, by the express and special stip- ulations of the deceased partner under which he became joint owner, impress the real estate with "all the incidents and liabilities of partnership funds and personal property," thereby placing it on the same legal footing and in the same legal position as the personalty. The specific performance of the stipulations of the contract, in respect to the settle- ment of the business and the disposition of the firm prop- erty after the death of one of the partners, would itself convert the real estate into personal assets.— *Wilcox v. Wil- cox,* 13 Allen, 252.

Such being its effect and operation, what are the rights and powers of the surviving partner, under such contract of co-partnership? In determining these, we are not left to imply them from the supplementary articles alone ; for, in connection therewith, the codicil may be properly consid- ered. The testator prefaces the dispositions of his indi- vidual property, as made by the codicil, with the declara- tion, that by the supplementary articles he "did provide, give, and grant all necessary arrangements, directions and powers for the conduct and management, control and wind- ing up and settlement" of all the firm matters. The part- ners exhibit entire confidence in the business capacity and integrity of each other; and the predominant purpose is to facilitate and simplify the settlement of the partnership affairs by the survivor, on whom the right and duty are de- volved by both the will and the law. To consummate this controlling object, the parties agreed to impress the real

[Davis v. Smith.]

estate with all the incidents and liabilities of partnership personal property, and directed that it should be considered a part of the joint stock and funds, and as possessing all such incidents and liabilities.

The question arises, what are the incidents and liabilities which attach to the personalty, and not to the realty, belonging to a partnership? They may be regarded as legal in their nature and character, as distinguished from merely equitable. On dissolution by the death of a member, the survivor has the right and power to sell and pass the legal title to the personal property, though there may be no firm debts, and a sale is necessary only for the settlement of the partnership and the distribution of the assets; but he has a right to sell the real estate, only when required for the payment of debts, or for an adjustment and equalization of the partnership accounts, and then can convey only an equitable title. Both kinds of property are subject to the debts, but the primary liability rests on the personal assets, on the insufficiency of which depends the right of the survivor to dispose of the real property, and without the exhaustion of which a court of equity will not charge the realty in favor of a creditor.

The parties evidently contemplated and designed, that in winding up and settling the firm matters, all the property, both real and personal, should be sold by the survivor, without reference to the necessity of its use to pay debts, or to adjust the accounts. The general conception is the conversion of the real into personal property, both possessing the same incidents and liabilities, so that the real and personal assets shall constitute a joint stock, which, or any part thereof, the survivor had the right to dispose of in his discretion, and as he deemed most advisable for the interests of all parties; to remove impediments to speedy and advantageous sales, and to relieve the survivor of the difficulties and embarrassments which might prolong a full and complete settlement. Unless the clause under consideration makes the realty chargeable with the debts equally with the personalty, whether at law or in equity—unless it gives the survivor the power to sell the real estate the same as the personal property—it is without meaning, and has no field of operation. No precise form of words is necessary to create a power; it will be implied when the intention is manifest to enable an execution of the trusts devolved. As the intent is apparent, that all the property of the partnership, real and personal, shall be sold, for the purpose of settling its affairs, and that a division of the residue should be made by the survivor between the parties enti-

[Davis v. Smith.]

tled, the power to sell necessarily follows.— *Winston v. Jones*, 6 Ala. 550.

This conclusion is strengthened, when the codicil and the supplementary contract are considered together in respect to the appointment of executors. By the contract it is stipulated, that the surviving partner shall be nominated co-executor with any other person appointed by any codicil or will thereafter made. In pursuance thereof, the testator, by the codicil, nominated John T. Davis, his son, and the surviving partner, executors, "with full and plenary powers to sell and convey real estate, and to do all acts needful to carry out the true intent and meaning of this codicil, and *the last will and testament to which it is added as aforesaid.*" When it is observed, that the power to settle the partnership is a personal trust vested in the surviving partner; that the personal representative other than the survivor is required only to unite in, and to make conveyances in specified instances ; and that full and plenary powers are conferred *eo nomine* to sell and convey real estate, and to do all acts necessary to carry into effect the true intent and meaning of the supplementary articles, the intention of the testator can not be misunderstood nor mistaken. It is apparent that, in respect to the sale of the firm property, the power was not intended to be a joint power, from the fact, that the son was a minor, and another person is appointed to act as executor until he attained his majority, upon whom no special power is conferred, and who is exempt from responsibility except for assets actually received by him. His active duties relate to the individual estate of the testator ; and there is no provision for continuing the partnership business, except at the discretion of the survivor, whose principal and constant aim shall be as speedy settlement as may be consistent with the interest of all parties.

We hold, that by the clause impressing the real estate with all the incidents and liabilities of partnership personal property, in connection with the other provisions of the will, considered as an entirety, the same power is conferred on the surviving partner to sell the real, which he has by law to sell the personal property, and that his conveyance as such conveys the legal title, unless when otherwise specially provided.

Affirmed.