# Tillis v. Treadwell, *et al.*

*Action to recover Damages for the Breach of a Contract.*

1. *Statute of frauds; oral contract relating to land.*—An oral contract, which can not be performed without the grant of an interest in lands, whether such interest be in fee or an easement, is void under the statute of frauds, and is not enforceable.

2. *Same; easement; contract to build a partition wall.*—A grant to an adjoining proprietor of the use of a wall on his own premises as a partition wall between their buildings, is the grant of an easement, which, under the statute of frauds, must be in writing to be valid; and an agreement to build and grant the use of such a partition wall

must likewise be in writing, and if in parol, is void and not enforceable.

3. *Same; same; same; case at bar.*—A parol agreement by which one adjoining land owner sells and conveys to another a strip of land off of one of the coterminous lots, in consideration of which conveyance the grantee proprietor agrees to build a partition wall for the use of two buildings to be erected on the respective lots, the grantor to have a half interest in such wall, as a partition wall, is within the statute of frauds and void; and no action can be maintained to recover damages for its breach.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. W. FOSTER.

This action was brought by the appellees against the appellant, and sought to recover damages for the breach of a contract. The facts of the case and ruling of the court which is reviewed on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the general affirmative charge in his behalf, and duly excepted to the court's refusal to give this charge.

There were verdict and judgment for the plaintiffs. The defendant appeals and assigns as error the rulings of the trial court to which exceptions were reserved.

M. E. MILLIGAN, for appellant.

W. O. MULKEY and R. H. WALKER, *contra*, cited *Treadwell v. Tillis*, 108 Ala. 262; *Dicks v. Belsher*, 80 Ala. 369; *Danforth & Armstrong v. Tenn. & Coosa R. R. Co.*, 93 Ala. 620; *Brigham & Co. v. Carlisle*, 78 Ala. 243.

HEAD, J.—Action by appellees against appellant for damages for breach of special contract for the construction, in part, of a building, etc.

The contract may be succinctly and substantially stated, most strongly for the plaintiffs, as follows: The defendant, Tillis, owned a vacant lot in the town of Geneva fronting on a named street. The plaintiffs purchased and acquired the lot adjoining it on the south, thirty feet in width. Really only one of the plaintiffs purchased and received the title to the lot, though he testifies he was acting for all, and for the purpose of this case, we will treat it as belonging to all. The subse-

[Tillis v. Treadwell *et al.*]

quent return of the deed and execution of a new one to all the plaintiffs amounted to nothing, without a reconveyance by the grantee in the deed returned. Both Tillis and plaintiffs desired to build brick stores on their respective lots. It was agreed that plaintiffs would sell and convey to Tillis a strip of five feet off the north side of their lot, and in consideration thereof, Tillis was to build, on the south side of the strip so purchased, an 18 inch brick partition wall for the two buildings to be erected on the respective lots, the plaintiffs to have an half interest in it as a partition wall. It was further agreed that Tillis, in consideration of $900, promised to be paid by the plaintiffs, would furnish the material and build the other walls of plaintiffs' building according to specifications agreed upon, the two buildings to be connected by the said partition wall to be erected wholly on the land of Tillis, as above stated. Subsequently, Tillis declined to build the partition wall exceeding twelve inches in thickness, and plaintiffs declined to accept the modification, insisting upon an eighteen inch wall; whereupon, Tillis proceeded to erect his own building on his own original lot, ignoring the agreement to purchase the strip of five feet and build the common wall thereon, and to build the other walls of plaintiffs' building. Plaintiffs afterwards erected their building, joining it to the adjacent wall of Tillis' building, for which privilege they paid him $300. This action is to recover general and special damages for the failure to carry out this contract.

We remark, in justice to the defendant, that, as already intimated, the foregoing statement of the transaction is from the standpoint of the plaintiffs. The defendant plausibly explains his part in it, showing that he never made any contract at all to do this work, but only became surety for the plaintiffs to the contractor (a mechanic) for the payment of their part of the contract price of both buildings, and that the contractor declined to build an eighteen inch wall, at the price plaintiffs proposed to pay.

The defendant, among other pleas, interposed the following, upon which issue was joined: ''For answer to the several counts of said complaint, defendant pleads that the various matters therein set up were not in writing signed by the parties to this action.''

[Tillis v. Treadwell *et al.*]

It is enough to say, so far as the present judgment is concerned, that, this plea being proven—the whole contract having been oral—the defendant was entitled to the general affirmative charge which he requested, and which the court refused, without regard to the materiality of the plea; but the question lies deeper: Is not the plea material and a complete defense to the action, howsoever tested? There can be no doubt that the question must be answered in the affirmative. The contract, on the part of the defendant, was entire. No stipulation of it was separable from either or all of the others. It could not have been performed, as made, without a grant by the defendant to the plaintiffs of an interest in the lands, whether such interest be a fee or easement, and the agreement to make such grant being void, under the statute of frauds, is not enforceable. In *Raub v. Smith*, 61 Mich. 543, (1 Am. St. Rep. 619), the action was for breach of agreement to form a partnership. The agreement involved stipulations to purchase lands for purposes of the proposed partnership. Held, that the action would not lie, the agreement not being in writing. If the agreement in the present case be regarded as one merely for the creation of an easement upon the promisor's land, and not an estate in fee, it is void under the statute of frauds. Thus, a parol agreement of two parties to build a particular picket fence between their town lots, is within the statute. The Supreme Court of Arkansas, so holding, said: "The obligation of a landowner to build and maintain a division fence, in whole or in part, for the benefit of adjoining land, is something more, indeed, than an obligation to furnish the materials and labor necessary from time to time for the erection and reparation of the fence; it imposes a burden upon the land itself. A partition fence ordinarily must rest equally upon the land of the respective proprietors. Hence an agreement of one of those proprietors to maintain such a fence necessarily imports a dedication of the use of the land required to support half of it. To that extent it is, therefore, an estate in the land itself. In accordance, then, with the general rule that an easement, being an interest in realty, cannot be conveyed or reserved by parol, an agreement by an owner of land to maintain a partition fence between such land and that of an adjoin-

[Folmar v. Carlisle.]

ing proprietor cannot ordinarily rest in parol, but, to be binding, must be in writing."—*Rudisill v. Cross*, 54 Ark. 519 ; 26 Am. St. Rep. 57. See also, *Knox v. Tucker*, 48 Me. 373 ; 77 Am. Dec. 233 ; *Kellogg v. Robinson*, 6 Vt. 276 ; 27 Am. Dec. 550 ; 7 Am. & Eng. Encyc. of Law, 897, note and authorities cited. A grant to an adjacent proprietor of the use of a wall on his own premises, as a partition wall between their buildings, is the grant of an easement, and a parol agreement to build and grant the use of such wall is within the statute.—*Rice v. Roberts*, 24 Wis. 461 ; 1 Am. Rep. 195, citing as directly in point *Wolfe v. Frost*, 4 Sand. Ch. 72 ; *Clanton v. Scruggs*, 95 Ala. 279. For a discussion of the law of party walls, see extended note to *Bloch v. Isham*, 92 Am. Dec. 289. Under our decisions parol agreements for the grant of easements are void under the statute.—*Riddle v. Brown*, 20 Ala. 412 ; *Hammond v. Winchester*, 82 Ala. 470. And such is undoubtedly the rule generally.

A parol agreement for the sale of an interest in land not owned by the promisor, but the title to which resides in another, is within the statute.—*Raub v. Smith*, 61 Mich. 543, *supra*, and authorities cited.

It being impossible for the plaintiffs lawfully to recover, it is unnecessary to notice the other questions raised by the record.

Reversed and remanded.