# Butts *v.* Cooper.

*Bill to Declare a Partnership and an Accounting and Dissolution.*

(Decided July 2, 1907.—44 South. 616.)

1. *Partnership; Accounting; Existence; Burden of Proof.*—In a bill for accounting and dissolution of partnership where the existence of the partnership is denied, the burden of showing its existence is upon the complainant.

2. *Same; Purchaser of Partner's Interest; Dissolution of Firm.*— The old firm having been dissolved by the purchase, one who advanced

[Butts v. Cooper.]

money to one partner to purchase the interest of the other partner in the firm, with an agreement that the purchase of such interest should be in the partner's name for the benefit of the person furnishing the money, such person did not become a member of the old firm thereby.

3. *Fraud; Statute of; Partnership Agreement; Ownership of Land.* —Where the partnership was for the transaction of a lumber business, involving of necessity the acquiring and holding of real estate in this state, a parol agreement that complainants would furnish the money to the defendant with which defendant should purchase in his own name the interest of defendant's partner, and hold the same for complainant's benefit, was invalid as being within the statute of frauds.

4. *Partnership; Ownership of Realty; Effect.*—The doctrine of the conversion of partnership real estate into personalty does not change the tenure by which the land is held nor effect the conveyance of such real estate for other purposes than for the payment of firm debts.

5. *Trusts; Resulting Trusts; Definition.*—Other than a trust resulting from a donor, a resulting trust is one which arises by operation of law where the consideration is paid by one party and title taken to another; and such a trust cannot grow out of a contract of the grantee to hold the title for a third person who advances the purchase money.

6. *Same; Evidence.*—Where it appears that the respondent, who desired to purchase the interest of his partner in a firm located in Alabama, applied to a bank on his own account to borrow money, offering mortgage security, without securing it, but afterwards the bank advanced him the money on a note signed by him as principal with complainant as surety, the money being placed to respondent's credit in the bank and paid out on his check; and about the same time respondent purchased an interest as a partner in another business operated by complainant in the state of Georgia and it was agreed that certain debts of the Alabama firm to the Georgia firm should be paid with assets subsequently to be derived from the business done in Alabama, such facts are not sufficient to show that complainant furnished the money to respondent with which to purchase respondent's partner's interest in the Alabama business, or to establish that respondent held the interest so purchased operating to raise a resulting trust in favor of complainant.

7| *Same; Constructive Trust.*—A constructive trust arises where there is no express or implied written or verbal declaration of trust, and one party occupies a fiduciary relation or has placed himself in such a position in relation to another party that good faith requires him to act for the other and not for himself, and such person fraudulently acquires property of the person in himself instead of in the cestui trust.

8. *Same; Evidence.*—The facts in this case stated and examined and held insufficient to create a constructive trust in favor of the complainant.

APPEAL from Crenshaw Chancery Court.

Heard before Hon. W. L. PARKS.

'[Butts v. Cooper.]

Bill by T. U. Butts against J. T. Cooper for an accounting and dissolution of partnership, and to declare a trust in certain property in favor of complainant and against respondent. From a decree dismissing the bill, complainant appeals. Affirmed.

J. M. CHILTON, and SAMUEL B. HATCHER, for appellant.—A partnership was created.—3 Pom. Eq. Jur. § 1044-A; *Sandford v. Hamner,* 115 Ala. 406; *Sanders v. Steele,* 124 Ala. 415; *Waller v. Jones,* 107 Ala. 321; *Kent v. Dean,* 128 Ala. 600; *Sprinkle v. Hayworth,* 26 Gratt. 384. The statute of fraud have no application. The real estate owned by a partnership for partnership purposes is treated in equity for all purposes of the partnership, including the purchase by an incoming partner of an interest in the firm as personal property.—*Rovelsky v. Brown,* 92 Ala. 522; *Lang v. Waring,* 17 Ala. 145; *Pugh v. Curry,* 5 Ala. 446; *Andrews v. Brown,* 31 Ala. 437; *Owens v. Carter,* 36 Ala. 837; *Cansler v. Wharton,* 62 Ala. 358; *Tillis v. Folmar,* 39 South. 913. The statute of fraud have no application to trusts of this character.—*Sandford v. Hamner, supra.* The statute has no application to trusts in personalty.—*Moore v. Campbell,* 113 Ala. 587. Where a bill set forth facts entitling complainant to relief the pleader may or may not aver additional cumulative facts which intensify without varying the relief sought.—*Noble v. Moses,* 81 Ala. 530. It is not necessary that the contract be proved with that degree of moral certainty that is termed beyond a reasonable doubt. It is sufficient if the subject matter and material terms of the contract can be determined with reasonable certainty from the evidence.—*Hooper v. Laney,* 39 Ala. 338; *Brown v. Sutton,* 129 U. S. 238; *Munday v. Golliffee,* 5 M. Y. & Cr. 167; *Waller v. Jones,* 107 Ala. 351.

[Butts v. Cooper.]

·· FOSTER, SAMFORD & CARROLL,. and STEINER, CRUM & WEIL, for appellee.—In a case of this character the complainant must distinctly and precisely declare the facts and the proof must correspond with the pleading and must be clear, full, satisfactory and convincing.— *Patton v. Beecher,* 62 Ala. 583; *Lehman v. Lewis,* 62 Ala. 133; *Larkin v. Rhodes,* 5 Port. 195. The statute of frauds is applicable to the contract here sought to be enforced.—*Tyson v. Decatur L. Co.,* 121 Ala. 414; *Tillis v. Treadwell,* 117 Ala. 448; *Rowland v. Boozer,* 10 Ala. 690; *Larkin v. Rhodes, supra;* 98 Am. Dec. 192; 27 Am. Dec. 289; 53 Am. Dec. 586; 17 N. C. 363; 13 Pa. St. 544; 61 Mich. 543. No partnership existed in this case.—*Sabel v. Savannah,* 33 South. 663; s. c. 40 South. 88. No resulting trust is shown.—*White v. Carpenter,* 2 Port. 240; *Bibb v. Hunter,* 79 Ala. 351; *Olcott v. Bynum,* 17 Wall. 9; 103 Mass. 484. A bill to dissolve and settle a partnership must clearly and fully state the terms and conditions and the proof is on the complainant.—*Little v. Schnedicor,* 52 Ala. 169; *Haines v. Short,* 88 Ala. 562; *Tutwiler v. Duggar,* 28 South. 667; 15 A. & E. Ency. P. & P. 1083.

SIMPSON, J.—This was a bill filed by the appellant against the appellee, alleging that appellee was interested as an equal partner with one Cosby at Brantley, Ala., operating a sawmill and owning lands and timber rights and also a railroad and certain personal property connected with the business; that negotiations were pending between Cooper and Cosby, looking to the buying out of the interest of one or the other by the other partner; that Cooper was not able to make the moneyed arrangements to buy Cosby, and approached complainant, shortly before July, 1900, informing him that Cosby's interest could be bought for $17,500, and endeav-

ored to induce complainant to purchase Cosby's inter-
est; that complainant at first declined, but, after appel-
lee had tried in vain to induce one Favors and others to
buy the interest of Cosby or to furnish him the means to
buy it, appellant finally agreed the appellee should buy
said Cosby's interest for appellant; that previous to this
time, to-wit, in 1896, complainant was engaged in the
lumber business at Columbus, Ga., under the firm name
of Jones Bros. & Butts; and that, in accordance with an
agreement between appellee and appellant, he had
bought out the interest of his partners for appellee,
taking said appellee as a partner, but making all the
moneyed arrangements for him himself, and taking the
title to the property in his name, said appellee joining
him in a note to the bank for the money necessary to
make the transaction, and the business continued on
thus without any written agreement. The Columbus
firm was Butts, Cooper & Co. and according to the bill
the agreement was that Cooper was to purchase Cosby's
interest in his own name, but for Butts; the firm of
Butts, Cooper & Co. assuming the payment of certain
debts due by the firm of Cooper & Cosby, including about
$3,000 due to Butts & Cooper, and the balance to be paid
in money which Butts was to raise, all of which matters
were to be adjusted in future settlements. Butts was to
manage the business in Columbus, and Cooper to man-
age the business at Brantley, Ala. It is alleged the cash
was raised on the joint note of Butts and Cooper, that
the debts were assumed, and that Butts had several
times asked for some evidence of his interest, but Cooper
put him off till he could repurchase a fourth interest in
the firm of Butts & Cooper, which he had previously
sold to one Fort. Cooper did acquire the Fort interest.
A settlement of the Georgia business was entered upon,
and before it was finally concluded Butts reminded

Cooper that the Alabama business was to be settled at the same time, and then Cooper denied that Butts had any interest in the business in Alabama, which had all along been conducted in the name of the Cooper Lumber Company. Without going into the details, these are the material allegations of the bill. The bill avers the willingness of complainant to account for Cooper's interest in the business at Columbus, and propounds certain interrogatories to Cooper. The prayers of the bill are, first, that a receiver be appointed to take charge of said partnership business, composed of plaintiff and defendant, and that Cooper be required to turn over all assets heretofore belonging to said firm of Cooper & Cosby, and which have since been bought with partnership funds; second, that it be decreed that complainant became a purchaser of the Cosby interest in said partnership, and, if it appears that said Cooper took a transfer of said Cosby interest to himself, then he be decreed to hold the same as trustee for complainant; and, third, that a reference be made to the register to state an account, that the partnership be dissolved and the assets sold and distributed.

The answer admits the existence of the firm of Cooper & Cosby, stating that at first Cosby had no interest in the lands, but only in the business, and afterwards acquired a half-interest in the lands, and claims that said partnership was dissolved on July 11, 1900, when respondent bought out Cosby's interest in all of the property, real and personal, and in the business. It enters into a detail of the negotiations for the purchase of Cosby's interest, and denies that there ever was any agreement or understanding that the complainant was to have any interest in such purchase. It admits the partnership of Butts & Cooper at Columbus, but denies some of the details as to the manner of forming it and

[Butts v. Cooper.]

the amount of money put into that business by him. It denies all allegations tending to show that Butts was to have any interest in the business at Brantley, Ala., and states that the note to the bank for cash payment on the purchase money was merely signed by Butts as his security, and that the debts assumed by the Columbus firm were only for the mutual convenience of both firms, as the Brantley firm was shipping lumber to the Columbus firm, and that when said debts of Cooper & Cosby were paid the amounts were charged to either Cooper & Cosby or to the Cooper Lumber Company. In fact, the answer to the bill and to the interrogatories of the bill, pleads the statute of frauds and demurs to the bill.

While the prayers of the bill are for receivership, and a dissolution of a partnership, yet it is manifest that the burden rested on the complainant to show that a partnership existed, as it is denied by the respondent. So the second prayer of the bill is that it be decreed that complainant "became the purchaser of the interest of said Cosby in said partnership in his own right, and thereby became entitled to share equally with said Cooper in the profits thereof, and is chargeable with a like proportion of the debts of said partnership," and that said Cooper "be decreed to hold the same as trustee for orator." While it is true, as remarked by appellant's counsel, that this is not a bill "to compel the formation of a partnership," yet it is a bill praying that a partnership be declared to exist between complainant and defendant, and it bases that prayer on the allegations that, when Cooper bought the Cosby interest in the late firm of Cooper & Cosby, he bought it for the complainant, and that thereby complainant became a member of the new firm which was to be organized between complainant and defendant. He certainly did not become a member of the firm of Cooper & Cosby, for that

firm was dissolved when Cosby's interest was purchased. Then what firm did he become a member of? It is evident that the most that could be claimed is that by the purchase the complainant became the owner of that part of the assets of the firm which belonged to Cosby, and, if any other firm was constituted, it would have to be either by a subsequent agreement, or by an agreement previously intered into between the members of the new firm. No subsequent agreement is claimed to have been made. Then, if Butts became a member of any firm with Cooper, it could be only by virtue of an agreement made before the purchase, and that agreement, according to complainant's contention, was that Cooper was to purchase Cosby's interest, take the title in his own name, and then Butts and Cooper were to be partners in the business. The agreement, then, necessarily involved the acquiring and holding of real estate in the state of Alabama, and it was not in writing.

Appellant insists that as, in equity, the lands of a partnership held for partnership purposes are treated as personal property, the statute of frauds has no application to agreements for the purchase of an interest in a partnership consisting in part of lands. This equitable doctrine is only a principle of equity when dealing with the partnership assets, for the purpose of applying the same to the payment of the debts of the firm, and for other special purposes. It does not change the tenure by which the land is held, nor interfere with the principles of law in regard to the conveyance of real estate for other purposes than for the payment of the debts of the firm. The same formalities are required in the conveyance of partnership real estate as that of individuals.— *Duncan v. Duncan,* 93 Ky. 37, 18 S. W. 1022, 40 Am. St. Rep. 159; *Davis v. Christian, et al.,* 15 Grat. (Va.) 11; Parsons on Partnership (4th Ed.) § 272; *Andrews*

[Butts v. Cooper.]

*Heirs v. Brown's Adm'r, et al.,* 21 Ala. 437, 56 Am. Dec. 252; *Davis v. Smith,* 82 Ala. 198, 2 South. 897; *Rovelsky v. Brown & Smith,* 92 Ala. 522, 528, 9 South. 182, 25 Am. St. Rep. 83; *Lang's Heirs v. Waring,* 25 Ala. 625, 640, 60 Am. Dec. 533. It is clear that the partnership was not formed when the agreement was made, for it could not exist until the interest was purchased. So it was simply a verbal agreement to purchase an interest in a partnership involving title to lands, and such agreement is violative of the statute of frauds.—*Raub v. Smith,* 61 Mich. 543, 28 N. W. 676, 1 Am. St. Rep. 619; *Hale v. Henrie,* 2 Watts (Pa.) 143, 27 Am. Dec. 289, 291, 292; *Clancy, et al. v. Craine,* 17 N. C. 363; *Lancaster Bank v. Myley,* 13 Pa. 544, 549; *McCormick's Appeal,* 57 Pa. 54, 98 Am. Dec. 190, 195; *Tillis v. Treadwell, et al.,* 117 Ala. 445, 448, 22 South. 983; *Larkin's v. Rhodes,* 5 Port. 195; *Latta v. Kilbourn,* 150 U. S. 524, 546, 14 Sup. Ct. 201, 37 L. Ed. 1169; *Smith v. Burnham,* 3 Sumner, 435, 459-471 (an able opinion by Judge Story); *Bird v. Morrison* et al., 12 Wis. 138.

Appellant claims that the transaction in question comes within the exception in our statutes. The statute is: "No trust concerning lands, except such as results by implication or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing, signed by the party creating or declaring the same, or his agent or attorney authorized thereto in writing."—Code 1896, § 1041. Says Pomeroy: "A broad distinction separates all express trusts from those which arise by operation of law. In the former class the trust relation is rightful and permanent. In the latter there is no such element of right and permanency. Even if the trust relation is not wholly wrongful, resulting from fraud or other unconscientious act, still a certain antagonism between the

[Butts v. Cooper.]

cestui que trust and the trustee is involved in the very
existence of the trust."—3 Pomeroy's Eq. Jur. (3d Ed.)
p. 1892, § 1030. Without noticing trusts resulting to the
donor which would be inapplicable to this case, a result-
ing trust is a trust which arises by operation of law,
where the consideration is paid by one party and the ti-
tle is conveyed to another. Says Pomeroy: "In order
that this effect may be produced, it is absolutely indis-
pensable that the payment should be actually made by
the beneficiary, or that an absolute obligation to pay
should be incurred by him, as a part of the original
transaction of purchase, at or before the time of the con-
veyance."—3 Pomeroy's Eq. Jur. (3d Ed.) p. 1992, §
1037.

Resulting trusts arise by implication of law, and can-
not grow out of a contract to hold the title for a third
person who advances the purchase money.—*Potter v.
Clapp,* 203 Ill. 592, 68 N. E. 81, 95 Am. St. Rep. 323.
Neither do the allegations nor proof show that the cash
payment which went into the purchase of the Cosby in-
terest was the money of Butts. On the contrary, elim-
inate the testimony as to the verbal agreement, and it
would be difficult to find anything from which to con-
clude that the consideration moved from Butts. The
evidence is clear that Cooper applied to the bank first on
his own account to get the money, offering mortgage se-
curity, and that after some negotiations the money was
loaned to him on a note signed by him as principal and
Butts as surety. The money was placed to his credit at
the bank, and drawn out on his check. The fact that
Cooper agreed with Cosby that certain debts should be
paid through the firm of Butts & Cooper, of which he
was a member, was a mere private agreement between
Cooper and Crosby, and could not be construed into a
payment of that part of the purchase money by that firm

even—much less by Butts. It results that the evidence fails to establish facts which would establish a resulting trust in the property.

It remains, then, to consider whether or not the court would have been authorized by the facts in evidence to declare a constructive trust in favor of Butts. Constructive trusts arise "where there is no express or implied, written or verbal, declaration of the trust." A constructive trust arises when one person, occupying a fiduciary position, or having placed himself in such position in relation to another that good faith requires him to act for the other and not himself, acquires the title to the property in himself, in place of in the cestui que trust. These cases involve fraud, or a breach of trust in acquiring the title to the property in himself.—3 Pom. Eq. Jur. (3d Ed.) p. 2007 et. seq., § 1044;; *Sanford v. Hamner,* 115 Ala. 406, 414, 414, 415, 22 South. 117; *Waller, Adm'r. v. Jones,* et al., 107 Ala. 331, 341, 18 South. 277; *Kent et al. v. Dean,* 128 Ala. 601, 609, 614, 30 South. 543. In the case now under consideration there is no pretense that there was any violation of any trust or duty in taking the title to the Cosby interest in himself by Cooper. On the contrary, the complainant alleges that the agreement was that the title was to be vested in Cooper, and the only contention is that Cooper was to hold the title for him. This is a parol trust, pure and simple, in violation of the statute.—*Oden v. Lockwood,* 136 Ala. 514, 33 South. 895. The cases of *Smith v. Burnham* and *Bird v. Morrison, supra,* are very instructive as to all the points in this case. We will add that, even if these legal principles could be declared inapplicable, we do not think that the complainant's contention is proved with that clearness and conclusiveness

25 R

which authorize the establishment of any kind of a trust in real estate by parol proof.

The decree of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur..