Case 75—PETITION EQUITY—December 19.

# Carter, Surviving Partner, v. Flexner.
# Same v. Baird.

### APPEALS FROM LOUISVILLE CHANCERY COURT.

Partnership real estate is to be treated as personalty only in so far as it is necessary to pay firm debts, and even when it is sold for that purpose the title must pass as the title to any other real estate. Therefore, upon the death of one of the partners the title to his interest passes to his heirs and not to his personal representative or to the surviving partner, and while the surviving partner may make an enforceable contract for the sale of the real estate when it is necessary to pay firm debts he alone can not pass the title; but in an action by him to enforce the contract the heirs of the deceased partner will be required to part with their title and the purchaser compelled to comply with his contract.

GOODLOE & BARR for appellant.

1. If real estate is purchased with partnership funds and to be used for partnership purposes it is impressed with the character of personalty. (Homes v. Self, 79 Ky., 298; Darby v. Darby, 3 Drewery, Eng. Chy., 495; Lindley on Partnership, vol. 1, p. 670; Lowe v. Lowe, 13 Bush, 688; Cornwall v. Cornwall, 6 Bush, 339; Flanagan v. Shock, 82 Ky., 617.)

2. Real estate owned as partnership property may be sold and conveyed by the surviving partner when necessary to pay partnership debts. (Delmonico v. Guillaenne, 2 Land, N. Y. Chy., 366; Lindley on Partnership, vol. 2, pp. 345, 590; Phillips v. Phillips, 1 Myl. & K., 649; Broom v. Broom, 3 Myl. & K., 443; Morris v. Kearsley, 2 Youn. & C. Ex., 139; Houghton v. Houghton, 11 Sim., 491; Essex v. Essex, 2 Beab., 442; Waters v. Waters, 15 Eq., 402; Thornton v. Dixon, 3 Bro. C. C., 199; Bell v. Phyn, 7 Ves., 453; Randall v. Randall, 7 Sim., 271; Cookson v. Cookson, 8 Sim., 529.)

KOHN, BAIRD & SPECKERT for appellee David Baird.

1. While real property owned by a partnership and used for partnership purposes may be treated as personal property, yet one of two of such partners surviving can not convey title for the legal representatives of the deceased partner. (Bull v. Harris, 18 B. M., 199; Galbraith v. Gedge, 16 B. M., 632; Cornwall v. Cornwall, 6 Bush, 372; Lowe v. Lowe, 13 Bush, 690; Willhite v. Boulware, 11 Ky. Law Rep., 60;

88 Ky., 170; Gen. Stats., chap. 21, sec. 18; Davis v. Christian Grat., 35; Foster's Appeal, 74 Pa. St., 397; Anderson v. Tompkins, 1 Brock., 463; Lindley on Partnership, pp. 652, 868, 871, 664; Seeley v. Mitchell, 9 Ky. Law Rep., 87.)

M. A., D. A. & J. G. SACHS FOR APPELLEES.

Brief not in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

These two appeals involve the same question. John A. Carter and James G. Carter were brothers and had been in business for years as partners, engaged in purchasing and selling real estate for profit. James G. Carter died, and after his death his brother, John A. Carter, as surviving partner, sold certain parcels of this partnership real estate to the appellees, Flexner and Baird. The sale was evidenced by a writing, and the appellees refusing to comply with its terms, this action was instituted by John A. Carter, as surviving partner of Carter & Brother, that being the style of the firm, against the two purchasers, appellees, and the widow and heirs at law of the deceased partner, asking that the contract be enforced and the vendees compelled to accept a deed from the surviving partner as provided in the contract between them. The appellees refused to comply upon the ground that John A. Carter was not invested with the legal title because at the death of his brother the one-half interest descended to his heirs at law. The chancellor below so held and the surviving partner has appealed. In the case of Galbraith v. Gedge, reported in 16 B. M., 635, this court in effect decided that the surviving partner could not convey the real estate of the firm as the title of the dead partner had passed to his heirs at law. The question for decision in this case is: Does land become personalty in

a legal sense for the reason that its purchase and sale was the principal business in which the firm was engaged, the heir deprived of the title by descent and compelled to look to its sale and distribution as personal estate? We think not.

It is the settled doctrine of the English courts that in such a case the land is to be treated as personalty and the share of the person dying will pass to his personal representative; but the weight of the American decisions is the other way and there is no reason, it seems to us, why partnership realty should not descend to the heir at law as any other real estate, subject to the equitable right of the surviving partner to convert it into money for the purpose of paying partnership debts.

In this case there is a large quantity of real estate, consisting of various lots in the city of Louisville and land in other places, and if no necessity existed for its sale to pay firm debts why should the heir at law be deprived of his inheritance and the estate pass to the personal representative.

It is, we think, settled by the decided weight of American authority in cases where there are no debts of the partnership that the land passes to the heir, or where there is a surplus of land left it passes in the same way. The case of Buchan v. Sumner (2 Barbour's Ch'y, 165), reported in 47 Am. Dec., 305, decided by Chancellor Walworth, reviews the authorities on this subject holding that where there are no debts the realty passes to the heir and not the personal representative. (Andrew's Heirs v. Brown, 21 Ala., 437; same case, 56 Am. Dec., 252; Tillinghast v. Champlin, 4 R. I., 173; same case, 67 Am. Dec., 510; Buffum v. Buffum, 49 Me., 108.)

There is no reason for disinheriting the heir or changing the manner of descent where realty belonging to a partnership that has been settled and its debts paid is left to be divided between the surviving partner and the heirs of the deceased partner.   If debts are outstanding against the firm the equitable rights of the surviving partner will intervene, or rather the realty remains liable for their payment, and the death of one partner can in no wise affect the right of the surviving partner to have all the assets, real and personal, applied to the payment of the partnership liabilities.   In these cases, it is alleged, the personal estate is insufficient to pay the debts, that the land was purchased with partnership assets and for partnership purposes and it is necessary to make sale of the realty to pay the debts, and the surviving partner having sold the lots, the title to which is in controversy, and the heirs at law, or devisees, of the deceased partner and his widow being before the court, there is no reason why, under the general prayer for relief, the purchaser should not be compelled to accept the title of the heirs at law made by his commissioner so as to pass the legal title.

Time is not of the essence of the contract, and if the purchaser has no other defense when it is made to appear that it is necessary to sell this land to pay debts, and there is no sacrifice of the property, it becomes the duty of the chancellor to aid the surviving partner in executing his contract.   This is not a proceeding to sell infants' real estate under the statute, but is an action to enforce the equitable lien of the surviving partner on the realty to pay debts.   That such a lien exists in favor of the partner and through him for the benefit of the firm creditors is unquestioned, and if the surviving partner has

made a contract by which he disposes of at least his interest, the heirs of the deceased partner, being before the court, should be required to part with their title if an advantageous sale, or one of fair value, has been in good faith made by the survivor.

We are aware that in Cornwall v. Cornwall, reported in 6 Bush, 369, where the building or real estate was used as, or in connection with, a soap factory and a part of the plant, this court held that the real estate should be regarded as personal assets and that such must have been contemplated by the parties. It is further said in that case that when treated as personalty it passed under the law of distribution and not by the law of descent.

, In Lowe v. Lowe, reported in 13 Bush, 688, this doctrine was again discussed, in which it was held that there was an apparent conflict between the case of Cornwall v. Cornwall, and that of Galbraith v. Gedge, reported in 16 B. M., 635. In the case of Galbraith v. Gedge there were four brothers dealing as partners in tobacco and real estate. They owned a tract of land as partners, and one of the brothers having died, the survivors sold the land to Galbraith, and it was held that the legal title to the dead brother's interest in the land passed to his heirs, and to make the title perfect it was necessary for the heirs to join in the conveyance. In the Cornwall case the realty was sold and distributed as personalty, and in the case of Galbraith it passed by descent to the heir.

In Lowe v. Lowe the two conflicting opinions are attempted to be reconciled on the idea that in the one case it was the intention of the partners to convert the real estate into personalty, and in the other no such intention was shown. We think it was well said in Lowe v.

Lowe, it must always be assumed that partners intend to treat partnership real estate as partnership assets and therefore as personalty, in so far as it is necessary to pay firm debts, unless there is an express agreement to the contrary. We deny the proposition, however, that where partners are engaged in buying and selling real estate for partnership purposes the law will imply that they have agreed to treat the realty as personalty, and therefore it must be held that real estate becomes personal estate and passes to the representative of the deceased partner or to the surviving partner as personal assets. The investment in realty becomes assets of the partnership for the purpose of paying partnership debts, and all the equities of the partners apply and will be enforced as if they were partners in wares, goods and merchandise. If personal estate, why should not the surviving partner be allowed to sell and convey the property to pay the debts? Still in Cornwall v. Cornwall, and in nearly every case in which realty is said to be personalty, the court delivering the opinion is careful always to say that the title must be made in the manner required to pass the title to real estate.

The true rule, and the only one that reconciles the conflicting views on this question, is, that where partners own real estate as such it can not be treated or considered as personalty except for the purposes of the partnership, and then as assets for the payment of firm debts. It can not be sold by one member of the firm in the firm name, but all the partners must unite in the conveyance. It can be sold to pay partnership debts, but the title must pass as the title of any other real estate, and a surviving partner is not clothed with a perfect title because of his survivorship, but the title of the deceased partner vests

in his heirs at law subject to the equitable rights of the firm. Where there are no debts, and a member of the firm dies, his interest in the realty of the firm passing to the heirs, it results that if any land is left after the payment of debts the title passes in the same manner. Any other rule works great injustice to the heir at law; and to say that the chancellor, from the facts and circumstances connected with the partnership, is to determine whether it is realty or personalty by the intent of the partners, leaves too much room for speculation, and is no safe guide in determining either the character of or the manner in which property shall descend or be distributed. How is the chancellor to determine the question of intent in this case? These partners were brothers. Whether they were engaged in any other business than buying and selling real estate does not appear. They purchased and had conveyed to them in their individual names, or, it may be conceded, in the firm name, many valuable lots of ground in the city of Louisville and farming lands in the country One of the brothers died, leaving his widow and several children, and if he had made no provision for his widow by his will, was it ever contemplated or intended by either partner that this real estate should pass one-third to the widow absolutely and the other two-thirds to the five children or heirs at law; in other words, that they intended to make real estate personal estate and change the entire course of descent. If partners are dealing alone in real estate why call it personal estate? The partners have the same equitable liens upon it to pay debts, the right of property exists with every protection the law gives to like property, and all confusion and doubtful questions arising out of an at-

tempt to arrive at the intention of the partners will be removed in the recognition of the rule that whether real or personal estate, if partnership property, it is liable for partnership debts, and when real estate the title must pass as required by the statute. As said in Summey v. Patton, Winston's Equity, 52, reported also in 86 Am. Dec., 451, the doctrine originated in England for the reason that land could not be sold under execution or to pay debts, and the doctrine of survivorship existing it made it difficult for partners to own land for partnership purposes; and hence it was held that in equity, if the partners so intended, the chancellor would regard realty as personal estate, and the rule has been followed up and enlarged by implication until the heir at law is disinherited, and the land called personalty passes to the personal representative for distribution.

In our opinion the purchasers in this case should have the title of the heirs at law or devisees; and as this case is brought here when the conveyance tendered is insufficient, the judgment is reversed and remanded for further preparation, but at the cost of the appellant.