CASE 9—PETITION EQUITY—MARCH 17.

## Duncan v. Duncan.

APPEAL FROM WARREN CIRCUIT COURT.

1. PARTNERSHIP REAL ESTATE IS TREATED AS PERSONALTY only for the purpose of paying firm debts, and even when sold for that purpose the sale must be evidenced by writing, such as is required to give validity to the sale of any other real estate.

2. A DIVISION OF LAND, although partnership property, is not valid unless evidenced by writing.

Duncan v. Duncan.

3. VERBAL DIVISION OF LAND.—Although parties have taken possession of land under a verbal sale or division, either of them may repudiate the agreement and reclaim possession of the land he verbally conveyed.

W. O. RODES FOR APPELLANT.

Real estate held as partnership property is treated as personalty and, therefore, a verbal division of such property is binding. (6 Bush, 369; Buchan v. Sumner, 5 N. Y., Chy. 600.)

B. F. PROCTOR FOR APPELLEE.

1. The finding of the commissioner and the court that there had been no division of the land, not being flagrantly against the evidence, will not be disturbed.
2. A verbal division of land is void under the statute of frauds. (White, &c., v. O'Bannon, 9 Ky., Law Rep., 354.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Warren Circuit Court for a settlement of the partnership between the appellant and appellee and for a sale of their partnership lands. The trial resulted in a judgment in favor of the appellee for the sum of $76.65 and for the sale of the partnership land.

The appellant complains of so much of the personal judgment as relates to the item of corn. It is sufficient to say, in reference to that matter, that the proof was sufficient to authorize the judgment in favor of the appellee.

The appellant contends that he and the appellee owned two parcels of ground in Warren county in partnership; that they, by verbal agreement, divided the parcels of ground between themselves, each taking the exclusive possession and control of his parcel. If we concede the truth of the appellant's contention, then the question arises, was the verbal division and possession thereunder binding on the parties, or did it estop them from repudiating the same? It is contended that, as the land was held

and owned for partnership purposes, the title to it could be conveyed as personal estate; and as the law does not require personal estate to be transferred by writing in order to make the transfer valid, the verbal division of the partnership land was binding upon the parties.

Now, does not a conveyance of, or division of, partnership land, in order to be binding upon the parties, have to be made by as solemn an act as a conveyance or division of land not held in partnership? And is it necessary, in order to make a valid division of land, that the same be in writing? This court, in the case of White, &c., v. O'Bannon, &c., 86 Ky., 93, expressly decided that a verbal agreement for the sale or division of land was not valid, but void. That case is in harmony with the other decisions of this court. It is also well settled by this court, that if either or both parties take possession of the land under the verbal agreement, one or both of them may repudiate the agreement and reclaim the possession of the land that he verbally conveyed. The same rule prevails in the case of a verbal division; the same reason exists for both cases, to-wit: That the statute requires the sale, etc., to be evidenced by writing; and the sale, therefore, is void unless it is evidenced by writing.

Now, we understand that where partners own real estate for partnership purposes, such estate is considered as personalty for the purpose of partnership assets with which to pay the firm debts only; but for no other purpose is it considered as personalty. It can not be conveyed by the firm, except by writing, as in other cases. The recent utterance of this court upon this subject is directly in point. It is: "Where the partners own real estate, as such, it can not be treated or considered as per-

Duncan v. Duncan.

sonalty, except for the purposes of the partnership and then as assets for the payment of firm debts. It can not be sold by one member of the firm in the firm name, but all the partners must unite in the conveyance. It can be sold to pay partnership debts, but the title must pass as the title of any other real estate." (Carter v. Flexner, 92 Ky., 400.)

While land thus owned is, in equity, considered as personal estate for the purpose of paying the firm debts, yet, to carry the rule further and permit it to be transferred or conveyed as personal property may be conveyed —by verbal contract—would defeat the statute of frauds upon the subject of the conveyance of land. And, as said, a division of the partnership land between partners is governed by the same principle. It is void unless made in writing. Besides, if it were a fact that a verbal sale of partnership land for the payment of the firm debts was valid, the transaction in this case would not be governed by that principle, because the land was not sold or divided to pay the firm debts; and as the realty in such case is impressed as personalty, only for the purpose of paying the firm debts, its character as realty is retained except for that purpose, and any sale or division of it for any other purpose must be evidenced by writing. The doctrine of estoppel does not apply.

The judgment is affirmed.