CASE 3.—ACTION BY JUDGE E. BENNETT AGAiNST H. B.
BENNETT AND OTHERS.—September 28, 1909.

## Bennett v. Bennett, &c.

Appeal from Crittenden Circuit Court.

J. F. GORDON, Circuit Judge.

From the judgment H. B. Bennett appeals.—Affirmed.

1. Dower—Partnership Property—Priority of Firm Debts.—
While, where real estate is purchased with partnership funds,
it becomes, as between the partners themselves and between
the firm and its creditors, personal property, and
to be so treated in the settlement of the partnership or distribution
of the property, yet as to the widow of a deceased
partner it is not personal property, the rule being that she
shall take dower in only so much of his share as may not
be required to pay firm debts or in the adjustment of
equitable claims as between the partners themselves.

2. Dower—Partnership Property—Pleading—Sufficiency.—In an
action by a widow for an allotment of dower, defendant,
by answer and cross-petition, averred that the lands in
question were not the individual property of decedent at
the time of his death, but belonged to a firm formerly composed
of defendant and decedent, notwithstanding the title
to the whole of it was held by decedent. Though it was
alleged that the property was paid for with firm funds,
when, how, and to whom, or on what land they were so
paid was not alleged, and while certain drafts and checks
were referred to, on which it was claimed decedent drew
moneys from the partnership, it was not alleged for what
purpose they were drawn or used, or that the money obtained
on them was used to pay for any of the land in
controversy, or that it was not repaid or otherwise accounted
for by decedent, or that he was not entitled to
draw the money from the partnership funds, either as advancement
or to reimburse himself for money of his own

vol. 137—2

expended for the firm. Held insufficient to show that de-
cedent took or was to hold the title to the lands in trust or
otherwise for the partnership.

3. Mortgages — Parol Evidence — Deeds — Contemporaneous
Trust.—In the absence of fraud or mistake in the execution
of a deed absolute in form, the grantor is estopped to deny
the bona fides of the transaction, or to impeach the deed
by parol evidence that it was coupled with a secret trust con-
tradictory of its terms and meaning.

4. Pleading—Demurrer—Scope and Effect.—Admissions arising
on a demurrer do not make good the vague and insufficient
averments or conclusions of the pleading demurred to or
supply its omissions of essential facts.

MILLER & MILLER and CARL HENDERSON for appellant.

BLUE & NUNN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirm-
ing.

W. L. Bennett died in Crittenden county in 1908
intestate, leaving surviving him his widow, the ap-
pellee Julia E. Bennett, and three infant children.
October 20, 1908, the widow brought suit in the Crit-
tenden circuit court for the purpose of obtaining an
allotment of her dower interest in the real estate left
by her husband; he being, as alleged in the petition,
the owner at the time of his death of numerous tracts
of land situated in Crittenden county and several
lots in the town of Dycusburg, all particularly de-
scribed in the petition. The infant children of the
decedent, certain tenants of the lands, and the appel-
lant, H. B. Bennett, a brother of the decedent, who
was understood to be making some sort of a claim
to a part of the real estate, were all made defend-
ants to the action. At the succeeding term of the
court commissioners were appointed to lay off to the
widow her dower, and they performed the duty re-
quired of them, and later reported the allotment to

the court.    After this was done, but before the con-
firmation of the report, the appellant, H. B. Bennett,
a resident of Indiana, entered his appearance to the
action, and was permitted to file an answer to appel-
lee's  petition,  which  was  made  a  cross-petition
against the children of the decedent, and in which
the right of the former to dower in three of the par-
cels of real estate left by her husband was denied,
viz., a tract conveyed the decedent by Mrs. J. Lank-
ston, two lots in Dycusburg, conveyed the decedent
by J. C. Rochester, master commissioner of the Crit-
tenden circuit court, and a tract of 250 acres which
had been conveyed the decedent and appellant, H. B.
Bennett, by J. L. Bugg and wife in 1892, and the lat-
ter's undivided half he conveyed the decedent Sep-
tember 14, 1901.

The answer and cross-petition contained, in sub-
stance, the averments that the lands in question were
not the individual property of the decedent at the
time of his death, but were then and are now the
property of a partnership formerly composed of W.
L. Bennett and H. B. Bennett, notwithstanding the
title to the whole of it was in and held by the former
at the time of his death; that the lands were liable
for the  debts of  the partnership, and  should be
treated as personalty for their payment, after which
what might be left, if anything, of the decedent's
half of the lands, or their proceeds, would descend
to his widow and children as provided by the stat-
utes of descent and distribution, but that not until
after a  settlement of  the partnership matters and
payment of the debts would the widow be entitled to
dower in the lands, or the children to any interest
therein.    Appellee interposed a demurrer to the
pleading in question, which the circuit court sus-

tained. Appellant then filed an amendment thereto, and, appellee insisting upon her demurrer to the same as amended, the court again sustained it, and entered judgment declaring the decedent the sole owner of the land at his death; that his widow was entitled to dower therein, and confirming the allotment made her by the commissioners. The appellant having refused to plead further, and being dissatisfied with the judgment, by this appeal urges its reversal.

It will not be denied that dower should not be assigned a widow out of partnership property until the partnership debts are paid and partnership liens and equities are adjusted. Where real estate is purchased with partnership funds, the rule seems to be that as between the partners inter se and the firm and its creditors such real estate becomes impressed with the characteristics of personal property, and should be so treated in the settlement of the partnership or distribution of the property. But, as to the widow of a deceased partner, it is not to be treated as personal property; the rule being that she shall take dower in only so much of his share of any real estate of the firm as may not be required to pay the firm debts or in the adjusting of equitable claims as between the partners themselves. It must be confessed that some of the earlier cases decided by this court followed the English rule, which held that, when real estate is bought with partnership funds, it should be treated as personalty, not only as between the partners and the firm and its creditors, but also as to distribution between the administrator, widow, and heirs of the deceased partner. Cornwall v. Cornwall, 69 Ky. 369. But the later cases in this and other jurisdictions reject this doctrine,

and adhere to the rule above stated. Davidson, etc. v. Richmond, etc., 69 S. W. 794, 24 Ky. Law Rep. 699; Carter v. Flexner, 92 Ky. 400, 17 S. W. 851, 13 Ky. Law Rep. 608; Duncan v. Duncan, 93 Ky. 37, 18 S. W. 1022, 13 Ky. Law Rep. 917, 40 Am. St. Rep. 159; Hill v. Cornwall & Bro.'s Assignee, 95 Ky. 524, 26 S. W. 540, 16 Ky. Law Rep. 97; Woodward-Holmes Co. v. Nudd, 58 Minn. 236, 59 N. W. 1010, 27 L. R. A. 340, 49 Am. St. Rep. 503; Campbell v. Campbell, 30 N. J. Eq. 415; Uhler v. Semple, 20 N. J. Eq. 288; Buchan v. Sumner, 2 Barb. Ch. (N. Y.) 165, 47 Am. Dec. 305; Shearer v. Shearer, 98 Mass. 107; Galbraith v. Tracy, 153 Ill. 54, 38 N. E. 937, 28 L. R. A. 129, 46 Am. St. Rep. 867; Bates on Partnership, 297; Tiedeman's Real Estate, sec. 246.

The question presented in this case, however, is: Does the answer and cross-petition of appellant state such facts as would justify the conclusion on the part of the court that the lands in controversy were partnership property, that they were purchased with partnership funds, or that W. L. Bennett held them in trust for the benefit of the partnership? It is contended by appellant that he and his brother W. L. Bennett were partners in the property, and that it was paid for with partnership funds; but when, how, and to whom, or on what land they were so paid is not alleged in the answer and cross-petition. Certain checks and drafts are referred to in the answer and cross-petition upon which it is claimed W. L. Bennett drew moneys from the partnership, though it is not alleged that the money obtained on them was used to pay for any of the lands in controversy. The checks and drafts were not filed as exhibits with the answer of appellant, and it is not alleged for what purpose they were drawn or used. It does not

appear from the pleading in question that the checks
or drafts referred to were not used for the benefit
of the partnership, nor is it alleged that the sums re-
ceived by W. L. Bennett upon the checks and drafts
were not repaid or otherwise accounted for by him,
or that he was not entitled to withdraw from the
partnership funds the sums they represented, either
as an advancement or to reimburse himself for the
moneys of his own expended for the firm.

It is probable from the averments of appellant's
answer and cross-petition that there are matters to
be settled between himself and the estate of his late
brother and partner, but not easy to tell therefrom
what matters of difference or indebtedness there are
to settle. The averments of his pleading are insuf-
ficient to show any contract or arrangement between
himself and W. L. Bennett, to the effect that the lat-
ter took or was to hold the title to the lands in con-
troversy in trust or otherwise for the partnership,
nor are the facts alleged such as to impress any of
the property with such a trust. On the other hand,
they more nearly establish such a trust as is con-
demned by section 2353, Ky. St. (Russell's St. sec.
2050), which declares that: ''When a deed shall be
made to one person, and the consideration shall be
paid by another, no use or trust shall result in favor
of the latter, but this shall not extend to any case in
which a grantee shall have taken a deed in his own
name without the consent of the person paying the
consideration, or where the grantee in violation of
some trust, shall have purchased the lands deeded
with the effects of another person.''

Construing appellant's answer and cross-petition
in a light most favorable to him, it must be as-
sumed that if the land conveyed W. L. Bennett by

Mrs. Lankston and the town lots conveyed him by Rochester, commissioner, were, as alleged, in part paid for with his (appellant's) money, appropriated from the partnership funds, it was done and the title thus vested in W. L. Bennett with appellant's knowledge and consent, for it is not alleged in the answer and cross-petition that the transaction was not known to him at the time it occurred, or that it was without his consent. This being the case, and no fraud or mistake being alleged in the execution of the deed from Mrs. Lankston or the commissioner, the alleged trust asserted by appellant would seem to be of the character condemned by section 2353, Ky. St.

The conveyances to W. L. Bennett of the 250-acre tract manifest no enforcible trust. The deed by which appellant conveyed him his undivided half of the 250-acre tract carries upon its face apparent evidence of its genuineness and an absolute passing of the title. It says in unmistakable language: "That said party of the first part (appellant) for and in consideration of the sum of $2,500, cash in hand paid, receipt of which is hereby acknowledged, do hereby sell and convey to the party of the second part, his heirs and assigns, the following described property, to wit: His undivided half of all that survey of land conveyed to them jointly by J. L. Bugg and wife January 11th, 1892, on the waters of Langston creek, in Crittenden county."

It is not alleged in the appellant's answer and cross-petition that he was overreached in any way by his brother in making this conveyance, or charged that there was any fraud or mistake in the execution of the deed. In the absence of such a charge, he is estopped to deny the bona fides of the transaction, or

to impeach the deed by parol evidence that it was coupled with a secret trust contradictory of its terms and meaning.

The statement of appellant's counsel that the demurrer to the answer and cross-petition admits the truth of all its averments states the rule too broadly, and entirely omits an important qualification; for, as said in Newman's Pleading and Practice, sec. 540: "A demurrer is a pleading which imports that the party filing it objects to pleading further or introducing any testimony until he obtains the judgment of the court whether the statement of facts made by his adversary in his pleading is such as to require him to answer or proceed further. It admits for the purpose of the trial of that question all the facts alleged which are relevant and well pleaded, but does not admit conclusions of law." It can not be claimed, therefore, that the admissions arising upon the demurrer made good the vague and insufficient averment or conclusions of appellant's pleading, or supplied its omission of essential facts.

On the whole, we find no cause for disagreeing with the conclusions reached by the circuit court, and the judgment is, therefore, affirmed.