## Lockwood's Trustee et al. v. Lockwood.

(Decided June 23, 1933.)

NUNN & WALLER and BEN S. ADAMS, Guardian Ad Litem,. for appellants.

W. A. BERRY and D. H. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The interpretation and construction of a contract. between J. W. Lockwood and William Guy Lockwood, father and son, present the determinant issue in this. case. It was entered into by them on the 30th day of October, 1931. They were engaged in business at Paducah, Ky., as partners under the firm name of J. W. Lockwood & Son. The contract is entitled: "Agreement for purchase of partnership interest." It comprises 10 pages divided into 23 paragraphs, including schedule. It is impractical to copy it hæc verba

The first paragraph reads:

"This agreement is made this 30th day of October 1931, between John W. Lockwood and William G. Lockwood (hereinafter called, partners) and the Citizens Savings Bank (hereinafter called Trustee) for the mutual protection of the partners in the event of withdrawal of anyone of them by providing for the sale of his interest in J. W. Lockwood. & Son, a partnership, under the terms hereof."

In paragraphs 8, 14, and 22 it is written:

"No. 8. If the sum received by the executor or administrator of the deceased Partner should exceed the value of the interest transferred to the surviving partner, the executor or administrator shall nevertheless retain the full amount as the purchase price for the interest of the deceased Partner, it being the intent of this agreement that the interest owned by the deceased partner shall in no event be valued at a sum less than the proceeds of insurance on his life after deducting the expenses of administering this trust, and one-half the debts of partnership."

"No. 14. For the purpose of this agreement the purchase price of the partnership interest shall be the value stipulated by the Partners each year as of December 31, and the respective partners hereby agree to sell their interest as shown in the Schedule at the said value of as otherwise provided herein. * * *

"Until December 31, 1931, the value of the interests in J. W. Lockwood & Son shall be as follows:

"John W. Lockwood, $10,000.00

"William G. Lockwood, $10,000.00."

"No. 22. This agreement shall be binding, not only upon the parties hereto, but also upon their heirs, executors, administrators, successors and assigns. * * *"

J. W. Lockwood bases his contention on clause 8 of the contract. He argues in his brief thus:

"Evidently the parties had in mind when the agreement was made that with the assistance of an insurance fund upon the death of either the one or the other of the partners, the survivor to obtain the interest of the deceased partner in the business, without the interruption that usually follows the death of a partner; but did not have in mind because of such insurance fund, the departing partner should be relieved of his part of any indebtedness of the partnership; and in order to make sure that everyone interested, or who might become in-

terested in the proper interpretation of the contract and to protect the departing partner as well as the survivor, and to prevent any misinterpretation of any suggestion of ambiguity and to emphasize their intent, the contracting parties used the language in Clause 8; 'after deducting the expenses of administration of this trust and one-half the debts of the partnership.' In other words it was definitely and distinctly expressed that from the proceeds of the insurance policy issued upon the life of the deceased partner the cost of administering the trust and one-half the debts of the partnership were to be paid. If intent of the parties had been otherwise, it might have resulted that the intebtedness of the partnership would overreach the proceeds of the policy and then the purpose of the agreement would have been entirely destroyed.''

The summation of this argument is that the contract, properly read and construed, means that William Guy Lockwood should account to the partnership for any excess of the money he had withdrawn from the firm and also pay one-half of its debts existing at the time of his death.

On the other hand, the trustee and the estate of William G. Lockwood contend that because he died within nine days after the making of the contract, and before the 31st day of December, 1931, his estate should be paid the proceeds of the $10,000 policy on his life, less the expense of administering the trust, without considering the withdrawals by the members of the firm before the contract was made, and also without liability on the estate of William G. Lockwood to account for any portion of the debts of the partnership, existing at that time.

It was the conclusion of the trial court that $10,000 was the valuation fixed by the contract of the interest of William G. Lockwood in the partnership, until and including the last day of December, 1931, and that the proceeds of the $10,000 policy of insurance on his life should be paid to the Citizens' Savings Bank as trustee, and on the payment of this sum to his estate, the interest of William G. Lockwood in the partnership became the property of J. W. Lockwood, the surviving partner, with the liability upon him to pay the debts of the part-

nership existing at the time of the death of William G. Lockwood, but that William G. Lockwood should account for one-half the aggregate amounts withdrawn by him prior to the making and entering into the contract, in excess of the amount withdrawn by J. W. Lockwood.

The contract must be construed as a whole in the light of its language, subject-matter, and surrounding circumstances. It should be considered in the light which the parties enjoyed when the contract was executed, and the court is entitled to place itself in the same situation as the parties who made it, so as to view the circumstances as they viewed them, and so as to judge the meaning of the words and the correct application of the language to the things which the contract creates. It is an established rule of construction that in order to arrive at the intention of the parties, the contract itself must be read in the light of the circumstances under which it was entered into. General or indefinite terms employed in a contract or apparently conflicting clauses may be thus explained as to their meaning and application. It must be so construed as to give it such effect and none other than as the parties intended at the time it was made. Mogg v. Farley, 205 Ky. 25, 265 S. W. 449. If its language or clauses are susceptible of two constructions, the court will not adopt the oppressive one. Luten Bridge Co. v. Grant County, 206 Ky. 528, 267 S. W. 1082. With these general principles in mind, it is our duty to examine the contract as a whole, and if possible arrive at the intention of the parties as therein expressed.

J. W. Lockwood engaged in business alone before his son became a member of the firm. At the time the contract of October 30, 1931, was entered into, J. W. Lockwood was 67 years old. The age of his son is not given. William G. Lockwood before the contract was entered into was not in good health and for a period was in the hospital at Rochester, N. Y., in the fall, before his death on the 9th of November, 1931. The value of the partnership assets, the extent and volume of business of the firm, and the services rendered by the partners in the business of the firm, are not definitely disclosed. During the years 1925, 1926, 1927, 1928, 1929, 1930, and 1931, William G. Lockwood withdrew from the firm, for his own use, $13,081.60; J. W. Lock-

wood withdrew from $300 to $600. One-half the difference was $6,390.80, not including $418 claimed by J. W. Lockwood as withdrawn by his son in excess of a like amount withdrawn by him. J. W. Lockwood claims that at the time the contract between them was entered into as well as at the death of William G. Lockwood, the firm was indebted more than $4,400, one-half of which, when added to the $6,390.80 and the $418, amounts to $9,008.80. When this amount is taken from the $10,000, the proceeds of the life insurance policy, it leaves a balance of $991.20, which, according to the construction of J. W. Lockwood, would be the value of the interest of his son in the partnership at the time the contract was entered into on October 30, 1931. The contract between them makes no reference to the withdrawals by himself or his son; nor to the debts of the firm. It is not charged that by mutual mistake, or otherwise, anything was left out of the written contract. A number of its paragraphs directly show that the parties to it contemplated its continuation during the life of the firm, as well as the life of the partners. It appears from the language of other parts of the contract that the share or interest of the partners in the firm was fixed at the valuation of $10,000, without respect to the money either had withdrawn or the debts owing by the firm at the date of the contract, if either should die before December 31, 1931. Certain paragraphs of it manifestly provided for the future valuation of the interests of the partners and the future adjustment of the rights of the parties. It is hardly conceivable that the parties prepared and entered into a contract stipulating and fixing the present value of the interest of each and formulated an agreement for the purchase of the partnership interest at the price of $10,000, at any time before December 31, 1931, when in fact they intended to charge the $10,000 valuation of his interest, with withdrawals, and one-half the firm's debts, thereby reducing the valuation to $991.20. Accepting the theory of the construction of the contract as presented by J. W. Lockwood, according to it, he will acquire title to all the partnership property and receives the proceeds of the $10,000 insurance policy, except the $991.20. It is not comprehensible that a contract would be entered into fixing the present valuation of the interest of the parties in the partnership at $10,-000 each as of its date, and until December 31, 1931,

with the intention of going back through the years to 1925 and charge the son with the withdrawals aggregating the $13,081.60, and also charge him with the one-half the partnership debts. The absence of express language indicating that such was the intention of the parties is convincing that it was not their intention to consume the $10,000 by the payment of the debts of the firm or by the estate accounting to J. W. Lockwood for one-half the withdrawals of the son, if either died before December 31, 1931.

Clause 8 conflicts with this interpretation and construction of the contract. The language of this clause plainly manifests the intention of the parties that it shall control them during any year after December 31, 1931. It was not intended by the parties to, and does not, provide a method of ascertaining and the fixing of the valuation of the interest of either of the partners during the year 1931. In clause 14 is written:

"Until December 31, 1931, the valuation of the interest of J. W. Lockwood and son shall be as follows: J. W. Lockwood, $10,000.00; William G. Lockwood, $10,000.00."

Efficacy must be given to this language in the contract. To revalue the interest of the partners under clause 8 requires an elimination of the quoted language of clause 14 where the parties declare the valuation of the interest of the partners at $10,000 until December 31, 1931. Since William G. Lockwood died before December 31, 1931, it must be regarded that this provision and the valuation as fixed thereunder are conclusive on the parties and their heirs after his death, and that J. W. Lockwood is not entitled to resort to clause 8 to alter, change, or defeat the valuation of the parties as it is shown in clause 14. The purpose of clause 8 as shown by its own language was to operate, not during the year 1931, but during the years subsequent thereto. To permit the $10,000 to be paid to the trustee in accordance with the contract and require the estate of William G. Lockwood to return to the partnership the excess of the aggregate of the amounts withdrawn by him from the partnership during its existence are equivalent to a revaluation by a court of the interest of the partners before December 31, 1931, and thus in effect reducing the share of William G. Lockwood to $3,191.20 and providing for the payment of this sum

instead of $10,000 as fixed by paragraph 14 of the contract. The parties at the time of entering into the contract, the contrary not appearing, are presumed to have disregarded the withdrawals as well as debts of the partnership, and for reasons satisfactory to themselves, valued the interest of the partners at $10,000 as the amount to be paid by the one and accepted by the other, in full satisfaction of his interest in the partnership property, if either died on or before December 31, 1931. The provisions of the contract which show that the parties contemplated future valuations during subsequent years should not be permitted to affect or destroy the valuation fixed by them to be paid by the one and received by the other before the end of the year 1931.

The judgment of the court to the contrary is reversed for proceedings consistent with this opinion.