## Warfield Natural Gas Co. v. Cassady et al.

(Decided Oct. 1, 1935.)

KIRK & WELLS for appellant.

J. B. CLARK for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On the 23d day of January, 1932, J. E. Cassady leased to the Warfield Natural Gas Company the oil and gas underlying certain lands in Martin county, Ky. J. E. Cassady died after the execution of the lease, and thereafter a controversy arose between the gas company and the widow and heirs at law of Cassady respecting the rentals the gas company should pay under

the provisions of the lease, and appellees brought this suit in the Martin circuit court for a declaration of rights or a construction of the lease.

The property is described in the lease signed by the parties as follows:

"All that certain tract of land situate in Muddy Branch Precinct, Martin County and State of Kentucky, on the waters of Cold-water Fork bounded substantially as follows:

"On the North by lands of Jasper Cassady
"On the East by lands of R. F. Cassady, et al.
"On the South by lands of Mose Dials, et al.,
"On the West by lands of U. G. Cassady,

"Containing Three hundred eighty six [386] acres, more or less * * *."

The first clause in the lease respecting rentals reads as follows:

"The said Lessee covenants and agrees to pay a rental at the rate of $144.75 quarterly in advance, beginning May 27th, 1932, until, but not after, a well yielding royalty to the Lessor is drilled on the leased premises * * *."

This sum is $1.50 per acre, based upon the recited acreage as appears in the description of the land.

But later in the lease appears this additional provision respecting rents:

"If the recited acreage or area be found to be less than the quantity of land in said premises, Lessee on demand made, shall pay up arrears or deficiency in rental payments on the basis of the excess of the true over the said recited acreage, and thereafter pay the rental under this lease on the basis of the true acreage."

It is stipulated in the record that a survey of the leased lands was made and the true acreage found to be 510.3 acres instead of 386 acres. It is the contention of appellees that the last clause above quoted is prevailing and appellant should pay rentals as provided therein instead of upon the basis of the recited acreage as appears in the description of the land. Appellant

contends that the first rental clause ($144.75 quarterly) is the entire contract respecting rents, and the latter clause is so much surplussage and means nothing.

The chancellor found and adjudged that appellant should pay on the basis of the true acreage, as provided in the last rental clause, and from that judgment appellant has brought this appeal.

It is obvious that the description of the land or acreage as appears in the lease was only an estimate, and when the two rental clauses are read together, it. is at once apparent that the parties contemplated ascertaining the true creage, which, if found to be more than the recited acreage, the lessee would pay rentals on the basis of the true acreage. We find nothing contradictory or ambiguous in the contract. It is a settled rule that in construing a contract a court will not seize upon some expression in it and allow that to control in disregard of other provisions of it, and all provisions of a. contract will be given meaning and effect according to the intention of the parties as it may appear from the language used, if such can reasonably be done. Luten Bridge Co. v. Grant County et al., 206 Ky. 528, 267 S. W. 1082, and cases cited therein. 13 C. J. page 525, sec. 486, the rule is thus stated:

"A contract must be construed as a whole, and the intention of the parties is to be collected from the entire instrument and not from detached portions, it being necessary to consider all. of its parts in order to determine the meaning of any particular part as well as of the whole. Individual clauses and particular words must be considered in connection with the rest of the agreement, and all parts of the writing, and every word in it, will, if possible, be given effect."

The latter rental clause does not contradict the former one, but merely qualifies it, and, once they are read together, the latter prevails.

Perceiving no error, the judgment is affirmed.