## Strode et al. v. Kramer et al.

Feb. 23, 1943.

R. Russell Grant for appellants.

Jouett & Metcalf for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

For many years Edward G. Garrard and his brother, W. T. Garrard, were engaged as partners in the operation of a lumber and mineral business. The partner-

ship owned timber lands and mineral rights. Some years ago W. T. Garrard died and all of his property, including his interest in the partnership, passed to his wife, Nellie McDowell Garrard, under his will. Pursuant to request contained in his will, his widow continued the operation of the partnership. She died in 1932 and by her will devised all of her property to her two children. Her executor, the Winchester Bank, was given power to sell and convey real estate. The executor continued the operation of the partnership. Both of the children are over 21 years of age, one being an incompetent.

Edward G. Garrard died in December, 1941, owning individual real estate as well as his interest in the partnership. He devised all of his property to his wife, Margaret P. Garrard, for life, with power to sell and convey and to use any part of the corpus of the estate. After the death of his wife the remainder, if any, went to his three children. His wife was named executrix but no power of sale was given to her as executrix. Mrs. Garrard acted as executrix and died in December, 1942, leaving a will identical with that of her husband as to estate vested in him and their children and as to powers conferred. She had not completed administration of her husband's estate. Thus, all the individual estate of both Edward G. Garrard and his wife, as well as the partnership property, became vested in their three children. These children are all over 21 years of age but one is an incompetent. The Winchester Bank qualified as administrator de bonis non of Edward G. Garrard and as administrator with the will annexed of Mrs. Margaret P. Garrard, having theretofore qualified as executor of Nellie McDowell Garrard. It likewise qualified as committee of each of the two incompetents mentioned above. In its various respective capacities the Winchester Bank, along with the adult competent children of Edward G. Garrard and Margaret P. Garrard, filed this declaratory judgment action against the adult competent child of W. T. Garrard and Nellie McDowell Garrard, seeking a declaration as to the right of the administrator de bonis non of Edward G. Garrard to join with the executor of Nellie McDowell Garrard in conveying the partnership realty.

The chancellor adjudged that the will of Edward G. Garrard vested his executrix with power to sell and convey real estate, that this power devolved upon the ad-

ministrator de bonis non and, consequently, that good title to the partnership realty could be conveyed by the administrator de bonis non joining with the executor of Nellie McDowell Garrard. The appeal brings in question the correctness of that judgment.

Appellees are correct in their position that such power as an executor has by virtue of his office as such may be exercised by the executor's successor in office. See Keel et al. v. First Nat. Bank of Pikeville, 271 Ky. 745, 113 S. W. (2d) 33, 116 A. L. R. 151 and authorities therein referred to. But the same authorities make it clear that an executor's successor does not succeed to any power given by will to the executor which does not look primarily to the settlement of the estate. The power of sale given by the will of Edward G. Garrard was a power given to the life tenant as such and not to the executrix. Although the life tenant and the executrix were one and the same person, the power conferred did not look primarily to the settlement of the estate but was conferred solely for the personal benefit and convenience of the life tenant. We find nothing in the will that may be said to indicate any intention to confer power of sale on the executrix and nothing from which such power may be implied. Therefore the administrator de bonis non may not, by virtue of a supposed power of sale derived from the will, join in conveying title to the partnership real estate.

It is argued, however, that the partnership property became personalty under the rule of equitable conversion and passed to the executrix and not to the heirs and, consequently, that the administrator de bonis non as successor to the executrix has power to sell Edward G. Garrard's interest as personalty or so much thereof as may be required to pay his debts.

We find, however, that the English rule of equitable conversion of partnership property is not subscribed to in our jurisdiction. Some of our earlier cases followed the rule and some rejected it, but in Carter v. Flexner, 92 Ky. 400, 17 S. W. 851, 853 the question was fully and carefully considered and the English rule definitely rejected. In the course of the opinion it was said:

"Where partners own real estate as such, it cannot be treated or considered as personalty, except for the purposes of the partnership, and then as assets

for the payment of firm debts. It cannot be sold by one member of the firm in the firm name, but all the partners must unite in the conveyance. It can be sold to pay partnership debts, but the title must pass as the title of any other real estate.''

Subsequent cases reaffirming the rule thus enunciated are Duncan v. Duncan, 93 Ky. 37, 18 S. W. 1022, 40 Am. St. Rep. 159; Davidson v. Richmond, 69 S. W. 794, 24 Ky. Law Rep. 699; Hill v. Cornwall & Bro.'s Assignee, 95 Ky. 512, 26 S. W. 540; Bennett v. Bennett, 137 Ky. 17, 121 S. W. 495, Ann. Cas. 1912A, 407. In 25 A. L. R. 389 will be found an interesting annotation of many Kentucky cases involving this question and a quotation from an opinion by Judge Taft, Perin v. Megibben, 6 Cir., 56 F. 86, summarizing the rule to be gathered from the Kentucky cases with reference to partnership realty. From these authorities it is clear that title to partnership realty vests in the heirs at law of a deceased partner and not in his personal representative. This being true, the personal representative may not convey the partnership realty in the absence of power conferred by will. As indicated above, no such power was conferred.

Reversed with direction to enter a judgment in conformity with this opinion.