## Hardwick v. Mahan.

Nov. 24, 1944.

John M. Kennedy and R. C. Tartar for appellant.

C. C. Duncan and Parker W. Duncan for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK —Reversing.

We are called upon in this action to construe the following contract:

## "Assignment of Oil Lease

This agreement of assignment of lease, made this the 12th day of April, 1943, by and between Harold Hardwick, Burnside, Kentucky, party of the first part, and James Mahan, of New Albany, Indiana, party of the Second Part,

Witnesseth:

That for and in consideration of $1.00 cash in hand paid, the receipt of which is hereby acknowledged and other considerations of drilling a well on the tract of land in Clinton County known as the Kyle & Ransom lease, for which drilling party of the first part assigned over to party of the second part a one-half undivided working interest in the above mentioned lease. It is understood that each party shall pay his pro-rata part of equipment, lease work, acidizing, or other expenses on lease. And by the same operations mentioned above each party is to have his part in any future wells drilled and put in production. Should either party choose to go no further in said development then he may withdraw and other party may carry on if he so desires, this would not effect in any way wells that had been previously drilled or equipment installed.

In witness whereof, the parties hereto have set their hands the day and year first given above.

James Mahan
Harold Hardwick"

78

The construction placed upon the instrument by the appellee, plaintiff below, is that he was to bear all the expense of drilling the first well only, and the appellant was to bear one-half of the actual expense of drilling, as well as one-half of the other enumerated expenses, of all subsequent wells. The chancellor sustained the appellee's contention and entered judgment for him for one-half the drilling cost of the second well. In urging that the judgment be reversed the appellant insists the appellee was to bear all drilling expense, and that he was to pay only one-half of the expenses expressly enumerated in the contract.

In construing a contract of doubtful meaning this Court looks to the instrument as a whole in order to ascertain the intent of the makers. Equitable Life Assurance Society v. Hall, 253 Ky. 450, 69 S. W. 2d 977; Lockwood's Trustee v. Lockwood, 250 Ky. 262, 62 S. W. 2d 1053. Taken alone, the first sentence of the contract would indicate that the contention of the appellee is well grounded, but we think the second and third sentences, especially the latter, make it clear that all of the actual drilling expenses were to be borne by the appellee. It is significant to us the third sentence provides that by the "same operations" each party is to have his part of any further wells. We construe "same operations" to mean the operations mentioned in the first and second sentences of the contract; namely, the drilling and equipping of wells. The appellee stresses the fourth sentence in support of his construction. However, we can not agree with him, because, in our opinion, this sentence merely gives either party the right to withdraw from further developments at any time without affecting his interest in wells already drilled, leaving the other party free to carry on developments at his own expense.

We have reached the conclusion, after viewing the instrument in the light of the foregoing rule, that the construction urged by the appellant is correct. Therefore, the judgment is reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.