## Baker v. Wides' Ex'r et al.

Feb. 16, 1945.

C. X. Johnson and Keenon & Odear for appellant.

Stoll, Muir, Townsend, Park & Mohney, Sam Strother, William H. Hanratty, J. J. Bradley, R. P. Moloney, and Linzy O, Thompson for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Morris Baker and Morris Wides, deceased, had been
partners for several years before June 13, 1938, when
they executed articles of partnership. They had two
firms, one Wides & Baker, handled hides, second-hand
material and junk. The other, Star Gas & Oil Company,
was engaged in the wholesale and retail distribution of
gasoline, oil, etc. When Wides died testate July 28, 1943,
the partnership owned valuable property used in its busi-
ness. It also owned a residence having no relation to
its business. The late appraised value of the assets was
about $100,000. Baker became a party to a suit to settle
Wides' estate and the question of the manner of settling
the partnership, especially as to what rights Baker had
under section 14, of the articles of partnership, was de-
veloped. It is as follows: "Upon dissolution of the part-
nership by reason of the withdrawal, death or other act
of any of the partners, the remaining partner shall have
the right to purchase the interest of the retiring or de-
ceased partner in the said business, assets, good-will and
business real estate, by paying the value of such interest
as determined by actual valuation of the personal prop-
erty and merchandise on hand, good-will of the business,
on the basis of current market prices; the value of the
real estate, and the gas and oil station and gas and oil
business shall be ascertained by competitive bids on same.
If the surviving partner fails to purchase at such prices,
then the business assets and real properties shall be sold
to the highest bidder, the debts of the partnership paid,
and the remaining assets distributed in accordance with
the rights of the partners."

It is not doubted that partners may make a legal
agreement whereby the survivor shall have the preferen-
tial right or option to purchase his deceased partner's
interest in the firm upon stipulated terms, and may en-
force his option provided he acts in good faith, deals
fairly, and makes full disclosure to representatives of
the deceased partner. 40 Am. Jur., Partnership, sec. 310;
Annotation, 73 A. L. R. 980; Kaufman v. Kaufman, 222
Pa. 58, 70 A. 956. Cf. O'Brien v. O'Brien, 294 Ky. 793,
172 S. W. 2d 595. The question in the present case is
one of interpreting such an agreement, and in the matter
of real property also one of execution, since a son of the
deceased partner, Norman Wides, is one of that valiant

group of American soldiers on Bataan Peninsula who were made prisoners of war by the Japanese. Concerning the personal property of the partnership, it is clear that if Baker had acted within a reasonable time he might have enforced his right to acquire the same upon a fair valuation. It is also clear as a matter of law that Baker had the sole right as surviving partner to wind up the partnership affairs and distribute the assets or proceeds, excluding, however, real property since it was not necessary to sell any of it for the payment of partnership debts. Carter v. Flexner, 92 Ky. 400, 17 S. W. 851; Snead's Ex'x v. Jenkins, 225 Ky. 832, 10 S. W. 2d 282, 283. Where a surviving partner exercises that right, it is his duty to do so with reasonable expedition, the extent and character of the business and economic conditions being taken into consideration. 47 C. J. 1044. The status of the partnership existing at the time of its dissolution by the death of a partner is that which determines the respective interests and it should be closed up as of that date. Snead's Ex'x v. Jenkins, supra; Spalding v. Spalding's Adm'r, 248 Ky. 259, 58 S. W. 2d 356. In this case it appears that Baker, a surviving partner, had continued the business with the acquiescence of the Wides' executor and heirs for at least a year without making any move toward winding it up. The subsequent operations are to be regarded as those of a new partnership between Baker and Wides' estate. Snead's Ex'x v. Jenkins, supra.

Baker never made any move to have the personal property appraised as of the death of his partner or to acquire his interest in the manner stipulated in the articles of partnership. The circuit court held that he had thereby elected not to do so, and we concur in that conclusion.

Indeed, in his amended answer, counterclaim and cross petition, filed July 25, 1944, one year lacking two days since the death of his partner, Baker claimed the right to conduct a sale of all the partnership property as a whole in order to "wind up and terminate" the partnership. He claims that he has the right to offer all the property for competitive bidding and require the highest bidder to tender immediately at least 25% of the amount of the bid in cash or its equivalent as earnest money and evidence of good faith, and then that he, Baker, under the article of partnership quoted, may purchase the prop-

erty himself for an amount equal to the highest bid thus obtained. Wides' executor and heirs opposed this settlement and asked for an accounting and the sale and settlement of the partnership affairs.

Section 14 of the contract is indefinite and ambiguous as it relates to the manner in which the real estate and the gas and oil business of the partnership should be valued for purchase by the surviving partner. The manner provided is that it "shall be by competitive bids." Then it provides that if the survivor "fails to purchase at such price, the business assets and real properties shall be sold to the highest bidder." The ambiguity should be, as it was, resolved in favor of the deceased partner's estate and the most equitable disposition ordered. Lockwood's Trustee v. Lockwood, 250 Ky. 262, 62 S. W. 2d 1053. The court construed the provision to mean only that the surviving partner has the right to buy these assets by becoming the highest bidder therefor at a public sale. The appellant insists that this construction nullifies or ignores the contract of partnership. We do not think so. We think Baker himself did that by failing to exercise the right, whatever it was, just as he waived his more specific right in respect to the personal property of the other business. However, we agree with the Master Commissioner and the Chancellor that Baker's proposed plan would not be fair as it would chill, if not destroy, the sale to others.

There is presented also the status of the imprisoned son of the deceased partner who was proceeded against constructively and for whom counsel was appointed by the court under our Code provisions relating to a nonresident defendant and also under the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A. Appendix sec. 501 et seq. This was deemed necessary to protect his rights fully and, as well, to enable the real estate to be conveyed to any purchaser. Under the circumstances, it must be through the medium of a judicial sale, for the son obviously is not in a position to execute a deed. His vested interest in the real property could not be otherwise conveyed even if the construction of the contract contended for by the appellant should be given it. Strode v. Kramer, 293 Ky. 354, 169 S. W. 2d 29.

The judgment directed a division of the large lot upon which the main operations of the partnership have been conducted into two parts, according to present oc-

cupancy and use. Each part with its improvements and fixtures will be first offered for sale, then the tangible personal property, all leases and the good-will or business being operated thereon and therefrom will be offered, and then both classes of property offered as a unit. This permits the separate purchase of the junk business or the gas and oil business. Then both businesses and all property will be offered together as a whole. The bid or bids from which the most money will be realized shall be accepted. Three other lots, one with a residence as well as a mortgage on it, are to be offered separately. It was also adjudged that the accounts and bills receivable should not be sold but collected by Baker as the surviving partner, and the proceeds, together with cash on hand, should be distributed among the parties according to their interests.

The appellant's objection to this manner of sale rests primarily upon his proposition that he has the right to conduct the sale as above detailed. He suggests that there is no reason why the accounts and bills receivable should not be sold along with other partnership assets, and that all property of every kind should be offered as a unit. No reason is suggested for including the three parcels of real estate not related directly to the business in its sale, or for selling the accounts. According to the testimony, more than 90% of the accounts are collectible. The manner in which the assets and property should be divided and offered for sale are matters within the discretion of the chancellor, and we think that discretion was exercised with wisdom and equity.

Wherefore the judgment is affirmed.